**Dennie Sue STONE, Plaintiff,**

v.

**GALAXY CARPET MILLS, INC., Defendant.**

Civ. A. No. 4:92–cv–220–HLM.

United States District Court, N.D. Georgia, Rome Division.

Oct. 8, 1993.

Michael Stuart Pineda, Brown Dobson Burnette & Kesler, Chattanooga, TN, for plaintiff.

Robert Carl Cannon, Donald W. Benson, Constangy Brooks & Smith, Atlanta, GA, for defendant.

## ORDER

HAROLD L. MURPHY, District Judge.

This sex discrimination case is before the Court on Defendant's Motion for Summary Judgment.

## BACKGROUND

Plaintiff began working for Defendant in 1982 as a collections clerk, and was later promoted to collections manager. She was collections manager for three years, supervising from five to eighteen employees. In 1987 Defendant restructured the collections department and Plaintiff's title became Customer Financial Services Manager. Near the end of 1989, Plaintiff was moved back into the position of clerk which she originally held. Plaintiff insists that despite the decrease in responsibility and the fact that all her supervisory authority was shifted elsewhere, that this was not considered a demotion by herself or the company. Plaintiff did continue to answer work-related questions of other employees in the department.

In January 1990 Plaintiff received the position of Director of Customer Relations. She held this position until September 1990, when Charles Walls became the Director and Plaintiff became Manager. The director position is the one she now complains about not receiving when Walls left.

During her seven month tenure as Director, Plaintiff had unlimited authority to settle claims, and supervised four other employees. During her tenure she never received criticism and was told she was doing a good job. When she was informed of her replacement, she was told that Defendant needed someone who could travel. Plaintiff never requested any further explanation. Defendant had never told Plaintiff that she needed to travel, nor criticized her for not doing so. Defendant told her in January 1990 upon promoting her that the job required very little travel.

■ From September 1990 to February 1992 Walls as Director and Plaintiff as Man-ager worked closely together, with Plaintiff handling much of the day to day operations, including claims, collections and deductions. In February 1992, however, Walls resigned as Director. Walls told both Plaintiff and Steve Grey, the ultimate recipient of the position, that they should apply for the job. Walls did not recommend one over the other.[1] Plaintiff requested and received an interview for the job. Grey and one other were also interviewed.

Plaintiff had eleven years experience in claims, and experience in deductions, collections and credit. Grey was a manager in credit department and had significant dealings with the sales and marketing departments. Grey also had a college degree, while Plaintiff was just shy of receiving a two year degree. Plaintiff, before the supervisory responsibility was removed from her, had supervised eighteen people. Also she held the position at issue, Director of Customer Relations, for seven months managing four people. The collection department was much more labor intensive, requiring numerous people to handle phone calls and paperwork, while the customer relations department required far fewer people. Customer Relations continued to have a staff of four people after Grey took over. Grey supervised four people in his previous credit department position. Grey was ranked higher by those who interviewed him in terms of initiative, policy-making and enforcement skills, communication skills, and decision-making skills.

Defendant hired Grey for the position. When Pierre Fitzgibbons met with Plaintiff to inform her, she was clearly upset. She asked him why Grey had won the job. Fitzgibbons in that initial meeting told her that he needed someone who could travel. Plaintiff never requested any further explanation.

Defendant, on motion for summary judgment, states that Grey was selected instead of Plaintiff for a number of reasons: Fitzgibbons, the decisionmaker, felt Grey could better define policies, interact with the marketing department in the resolution of credit problems, and enforce policies through good

---

1. Plaintiff's affidavit contradicting this is invalid, as her testimony would not be from personal knowledge. She can only testify that Walls *told* her that he recommended her, whatever, "recommended" may mean.

judgment; while Fitzgibbons felt Plaintiff could not develop sound policies and procedures to handle the marketing environment and had demonstrated no initiative. Defendant also asserts that at the time of this employment decision it wanted to reorient the Customer Relations department away from collections and claims toward marketing and sales.

Charles Walls indicated to Plaintiff that she would have gotten the job if she had been a man. Walls admits that he had no factual support for the statement. Plaintiff has provided no factual support for the statement, nor provided evidence of general stereotypical comments in the work environment.

Plaintiff timely filed a complaint with the E.E.O.C. regarding the February 1992 employment decision, but not with regard to any other employment decision. She received her right to sue letter and timely filed suit in this Court.

The Defendant has moved for summary judgment on the basis that it has articulated a legitimate non-discriminatory reason for not promoting Plaintiff to Director of Customer Relations. Plaintiff argues that summary judgment is not proper because there is direct evidence of discriminatory intent and Defendants articulated reasons are pretextual.

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) authorizes summary judgment when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." The moving party bears the heavy burden of demonstrating that no dispute as to any material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir.1991). This burden is met by "pointing out to the District Court—that there is an absence of evidence to support [an essential element of] the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). This initial burden remains with the moving party even when the issue involved is one on which the non-movant will bear the burden of proof at trial. *Russ v. International Paper Co.*, 943 F.2d 589, 592 (5th Cir.1991).

Once the moving party has fulfilled its burden and shown that no factual issues exist which could warrant a trial, the burden shifts to the non-movant to come forward with specific facts showing that a genuine dispute still does exist. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986); *Clark v. Coats & Clark Inc.*, 929 F.2d 604 (11th Cir.1991). This burden shifts back to the non-moving party, however, *only* after the moving party meets its initial burden and shows that no factual issues remain for trial. *Russ*, 943 F.2d at 592. If the moving party does not meet its initial burden, the non-movant is not obligated to put forward additional evidence.

The District Court's duty is to view the evidence and all factual inferences in the light most favorable to the party opposing the motion. *See Bradbury v. Wainwright*, 718 F.2d 1538, 1543 (11th Cir.1983). In deciding a motion for summary judgment, it is not the Court's function to decide issues of genuine material fact. Rather, the Court's function is to determine whether such an issue exists to be tried. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983). It is the applicable substantive law which identifies what facts are material. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Facts which in good faith are disputed, but which do not resolve or affect the outcome of the suit will not properly preclude the entry of summary judgment. *Id.* In short, such facts are not material. The materiality of a fact rests solely on the governing substantive law. A district court "can only grant summary judgment 'if everything in the record ... demonstrates that no genuine issue of material fact exists.'" *Tippens v. Celotex Corp.*, 805 F.2d 949, 952 (11th Cir.1986), (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir.1980)).

Genuine disputes are those where the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. Moreover, for factual issues to be "genuine" they must have a real basis in the record. *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 586, 106 S.Ct. at 1356 (citations omitted.) "[T]his standard mirrors the standard for a directed verdict.... [T]he inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2511.

## SHAM AFFIDAVIT

Defendant objects to Plaintiff's Affidavit attached to her Response as a sham affidavit because it contradicts Plaintiff's deposition testimony. While Defendant's objection appears meritorious, the Court will not reach this issue. Even giving Plaintiff the benefit of the most favorable statement of *facts* where Plaintiff contradicts herself, Defendant is still entitled to judgment as a matter of law.

## DIRECT EVIDENCE

■ A plaintiff may establish a prima facie case of sex discrimination by showing that plaintiff is a member of a protected class, was qualified for the position sought, was rejected, and the position was filled by a person outside plaintiff's protected class. *Conner v. Fort Gordon Bus Co.,* 761 F.2d 1495, 1498 n. 3 (11th Cir.1985). A plaintiff may establish a prima facie case of sexual discrimination by direct evidence. *E.g., Burns v. Gadsden State Community College,* 908 F.2d 1512, 1518 (11th Cir.1990). Direct evidence is evidence that proves the existence of a fact issue without requiring inference or presumption. *Id.; Young v. General Foods Corp.,* 840 F.2d 825, 829 (11th Cir.

1988), *cert. denied,* 488 U.S. 1004, 109 S.Ct. 782, 102 L.Ed.2d 774 (1989). Facially neutral comments from which an employee infers discriminatory intent are not direct evidence. *Carter v. City of Miami,* 870 F.2d 578, 582 (11th Cir.1989). Stray remarks in the workplace, remarks by non-decisionmakers, and statements by decisionmakers unrelated to the decisional process are not direct evidence. *Price Waterhouse v. Hopkins,* 490 U.S. 228, 277, 109 S.Ct. 1775, 1804, 104 L.Ed.2d 268 (1989) (O'Connor, J., concurring in judgment); *id.* at 251, 109 S.Ct. at 1791 (plurality opinion); *E.E.O.C. v. Alton Pkg. Corp.,* 901 F.2d 920, 924 (11th Cir.1990).

■ Plaintiff offers two examples of direct evidence: (1) that the decisionmaker based his decision on the stereotyped assumption that Plaintiff would not travel because she was female; and (2) comments by, Walls, Plaintiff's immediate supervisor, that she was not chosen for the job because she was female. Plaintiff argues she was never encouraged to travel nor criticized for failing to travel, and both times she was told about a new Director, the decisionmaker mentioned travel. Plaintiff concludes that the decisionmaker "clearly made the assumption that [Plaintiff], as a woman, was unable to travel and that he needed a man who could travel." Defendant argues that the travel comments are not direct evidence because Plaintiff is only inferring that the comments evidence gender bias. Defendant notes that Plaintiff fails to point to any comment such as "women are unwilling to travel." Plaintiff argues that Walls' comments are direct evidence or at least provide a fact issue. Defendant argues that the comments are admittedly without any factual basis and therefore are not direct evidence of discriminatory intent.

The Court concludes that the travel comments are not direct evidence of discriminatory intent. The Court does not find that it is clear that Defendant assumed Plaintiff would not travel because she was female. Plaintiff offers no evidence of comments such as "women are unwilling to travel," "women are not effective in this position," "women do not make good directors/managers," or "we do not hire women for these positions." *See Price Waterhouse,* 490 U.S. at 234–35, 109

S.Ct. at 1782 (plurality opinion). The Court holds that the travel comments alone are not direct evidence, but would require an additional inference to lead to a conclusion, of discriminatory intent. The Court finds nothing in the record to support the necessary inference that the Defendant believed that Plaintiff could, would, or should not travel because she was female. Merely because Defendant failed to chastise Plaintiff for acting or failing to act in a given manner, does not preclude Defendant from basing an employment decision on that (in)action. *See Conner,* 761 F.2d at 1499.

■ The Court holds that Charles Walls' comments are not direct evidence of discriminatory intent. Walls was neither a primary decisionmaker, nor a decisionmaker related to the decisional process. Both Walls and Fitzgibbons testified that Walls played no part in the decision.[2] Walls testified that he had no factual basis for his comments, but that they were just his opinion; therefore, the comments are not direct evidence. *See Mauter v. Hardy Corp.,* 825 F.2d 1554, 1558 (11th Cir.1987). *Walls,* himself, did not say that he would fail to hire Plaintiff because she was female, and could not point to any statement or fact which supported his opinion that the decisionmakers failed to hire Plaintiff because she was female. The Court concludes, therefore, that Walls' comments are not direct evidence of discriminatory intent. *See Burns* 908 F.2d at 1518. The Court holds that if a "stray remark," *Price Waterhouse,* 490 U.S. at 277, 109 S.Ct. at 1804 (O'Connor, J., concurring in judgment), is anything, it is a remark lacking any mooring in fact. On summary judgment, the nonmovant must present specific facts which create an issue of material fact. The Court holds that Walls' conclusory statements, with admittedly no factual support, do not meet this requirement.

### PRETEXT

■ The Defendant may rebut the prima facie case by meeting a burden of production of evidence demonstrating legitimate, nondiscriminatory reasons for its employment decision. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981); *Conner,* 761 F.2d at 1498–99. In order to avoid summary judgment, the Plaintiff must then show that the reasons given are pretextual and disguise intentional discrimination. *Burdine,* 450 U.S. at 256, 101 S.Ct. at 1095; *Brown v. American Honda Motor Co.,* 939 F.2d 946, 949 (11th Cir.1991). A plaintiff may show pretext indirectly by demonstrating that the defendant's proffered reasons are unworthy of credence, or directly by showing that discriminatory intent actually motivated the employment decision. *Sweat v. Miller Brewing Co.,* 708 F.2d 655, 655 (11th Cir.1983).

■ If the employer selects the person the employer feels is best qualified, assertions of pretext will ordinarily fail. *Smith v. Horner,* 839 F.2d 1530, 1538 (11th Cir.1988). Title VII does not require that the employer promote the most qualified person, only that sex not enter the equation. *Id.; see also Burdine,* 450 U.S. at 259, 101 S.Ct. at 1096.

■ Plaintiff argues that several factors indicate that Defendant's proffered reasons are pretextual. Plaintiff argues that Fitzgibbons, upon informing her of Grey's selection, supported his decision only by saying that he needed someone who could travel, and that Plaintiff could stay in the office and supervise the employees. Plaintiff also argues that Defendant's proffer of additional reasons indicates pretext. Plaintiff argues that she was objectively more qualified than Grey, and that Defendant's criteria for selecting Grey were subjective, and thus, suspicious. Plaintiff further argues that Defendant never criticized her for lack of initiative or inadequate performance. Plaintiff also notes the absence of females in Defendant's upper management. Defendant argues that Plaintiff presents no evidence of pretext and merely disagrees with Defendant's assessment of her abilities and ultimate decision. Defendant argues that use of subjective cri-

---

**2.** Fitzgibbons asked Walls if he had a replacement in mind and Walls mentioned Grey. Fitzgibbons also asked Walls his opinion of Plaintiff. Walls did not recommend either Grey or Plaintiff over the other. Plaintiff's affidavit, because she had no personal knowledge of Walls' actions, does not contradict this.

teria for managerial positions is not evidence of pretext. Defendant argues that Plaintiff has no statistical analytical foundation to evaluate the absence of females in upper management.

The Court concludes that Plaintiff's evidence is insufficient to demonstrate pretext. Even if travel was the only reason articulated when Fitzgibbons initially informed Plaintiff of Grey's selection, that does not indicate that the other reasons are pretextual. The Court concludes that employers are not obligated to provide detailed justifications for employment decisions. *See Conner,* 761 F.2d at 1499. That is especially true where, as here, Plaintiff had just been informed that another had been selected and she admitted and Fitzgibbons testified that she was upset. The Court concludes that an employer need not expatiate at length its reasons for an employment decision under such conditions in order to avoid later Title VII liability. Furthermore, the singular reason given in the meeting is not inconsistent with Defendant's more developed reasons articulated on motion for summary judgment. *Compare Merrick v. Farmers Ins. Co.,* 892 F.2d 1434, 1438 (9th Cir.1990) (reasons proffered after litigation begins do not indicate pretext) *with Lindahl v. Air France,* 930 F.2d 1434, 1438 (9th Cir.1991) (after the fact reasons contradicted by evidence).

Plaintiff has presented no evidence that the reasons proffered by Defendant are themselves false or are not the true reasons for the employment decision. Defendant stated that one reason it chose Grey over Plaintiff was Plaintiff's lack of initiative in traveling. Plaintiff had held the position of director for seven months and been manager under a director who traveled some for eighteen months. Furthermore, Fitzgibbons testified that he instructed Walls to get Plaintiff more involved in activities in the plants and with customers. Although Plaintiff was never criticized for not traveling, she offers no evidence contradicting that Walls received such instructions. Importantly, Plaintiff offers not a scintilla of evidence that Fitzgibbons statement regarding travel was not the reason for the employment decision, i.e. that it was pretextual.

Moreover, the Plaintiff cannot point to a single instance of comments or conduct indicating attitudes resulting from stereotypes. Significantly, even in the affidavit Plaintiff submitted to "clarify" her deposition testimony, she cannot say that Fitzgibbons stated "we needed a *man* to travel" but only that "we needed *someone* to travel." In short the record is devoid of any evidence that Defendant acted *because of* Plaintiff's sex. There is no expert testimony, that shows that the decision regarding travel was more likely made because of Plaintiff's sex. *See Price Waterhouse,* 490 U.S. at 277, 109 S.Ct. at 1804–05 (O'Connor, J., concurring in judgment); *id.* at 235–36, 109 S.Ct. at 1782–83 (plurality opinion). The Court will not take judicial notice, as Plaintiff apparently wants, that Defendant "clearly made the assumption that Mrs. Stone, as a woman, was unable to travel and that he needed a man who could travel. . . . [and that t]his is sex stereotyping."

The Court holds that Defendant's use of subjective criteria is not evidence of pretext. For professional and managerial positions, subjective criteria are more acceptable. *See Burdine,* 450 U.S. at 259, 101 S.Ct. at 1096; *Bauer v. Bailar,* 647 F.2d 1037, 1046 (10th Cir.1981); *Smith v. Horner,* 839 F.2d 1530, 1538–39 (11th Cir.1988); *Wilkins v. University of Houston,* 654 F.2d 388, 401 (5th Cir. Unit A 1981). Plaintiff offers no evidence that the criteria were used as a mask for intentional discrimination. Plaintiff relies on her objective qualifications, especially her greater claims experience and supervising up to eighteen people, before that responsibility was removed from her. Plaintiff, however, does not contradict Defendant's statement that the Customer Relations department was moving in orientation away from collections and claims toward marketing and sales. Moreover, Plaintiff fails to explain why her previous experience supervising eighteen collection clerks made her more qualified to direct a customer relations department with only four people. Furthermore, Plaintiff does not deny that Grey had greater experience dealing with the sales and marketing areas. The Court holds that, comparatively, Plaintiff's objective qualifica-

tion were not so much greater so as to render suspect Defendant's reliance on subjective criteria in awarding the position. *Contra Eastland v. Tennessee Valley Auth.,* 704 F.2d 613, 626 (11th Cir.1983); *Walters v. City of Atlanta,* 610 F.Supp. 715, 722–23 (N.D.Ga.1985), *aff'd* 803 F.2d 1135, 1143–44 (11th Cir.1986); *Smith v. American Serv. Co.,* 611 F.Supp. 321, 328 (N.D.Ga.1984).

■ The Court holds that Defendant's failure to criticize Plaintiff is not evidence of pretext. In discharge cases, failure to warn an employee of poor performance when poor performance is the articulated reason may indicate pretext. *See Sweat v. Miller Brewing Co.,* 708 F.2d 655, 657 (11th Cir.1983). However, Defendant admits that Plaintiff's performance was good. Defendant merely argues that Grey was more qualified for the job. Employers may hire or promote persons it feels are more qualified without being subject to liability because it failed to criticize the disappointed employee. *See Smith,* 839 F.2d at 1538–39. Plaintiff has failed to show that Grey was not qualified for the position. *Cf. Walters v. City of Atlanta,* 610 F.Supp. 715, 722–23 (N.D.Ga.1985), *aff'd* 803 F.2d 1135, 1143–44 (11th Cir.1986).

Finally, the Court holds for the Defendant in this case because the record is devoid of any factually supported instances of statements, comments or evidence of bias against women or against Plaintiff because she is a woman. The Court, above, discussed this void in the record. The Plaintiff can point to no evidence that decisionmakers made derogatory or stereotypical comments regarding women. Walls, who told Plaintiff that had she been a man she would have gotten the job, admitted that he had no factual support for that opinion. The opinions of employees about supervisors' attitudes are irrelevant unless clearly connected to the attitudes of the supervisors. *Feazell v. Tropicana Products, Inc.,* 819 F.2d 1036, 1041 (11th Cir. 1987). Without evidence that Defendant felt that Plaintiff would, could, or should not travel *because of* her sex, Plaintiff cannot avoid summary judgment. *See Price Water-*

*house,* 490 U.S. at 262–63, 109 S.Ct. at 1797 (O'Connor, J., concurring in judgment); *Jackson v. City of Killeen,* 654 F.2d 1181, 1186 (5th Cir. Unit A 1981).[3]

### STATISTICAL EVIDENCE

In its reply brief, Plaintiff argues that the absence of any women in Defendant's upper management is evidence of pretext and avoids summary judgment. Defendant argues that without any foundation or comparative figures, Plaintiff's argument must fail. Without an analytical foundation, this statistical assertion is "virtually meaningless." *Brown v. American Honda Motor Co.,* 939 F.2d 946, 952 (11th Cir.1991). Without evidence of how many women have applied and failed compared to the success rate for equally qualified men, Plaintiff's statistical assertion cannot preclude summary judgment in an individual disparate treatment case. *Id.* at 952–53.

### CONCLUSION

Accordingly the Court **GRANTS** Defendant's motion for summary judgment and **DISMISSES** the Plaintiff's case.

IT IS SO ORDERED.

---

**3.** Because this is not a mixed motive case, the traditional causation requirements apply. *See Price Waterhouse,* 490 U.S. at 247 n. 12, 109

S.Ct. at 1789 n. 12 (plurality opinion); *Gagne v. Northwestern Nat. Ins. Co.,* 881 F.2d 309, 315 (6th Cir.1989).