Pamela J. TORRE, and Pamela J. Torre
as natural guardian and next friend
of Trisha B. Torre, Plaintiffs,

v.

FEDERATED MUTUAL INSURANCE
COMPANY, Federated Mutual Insur-
ance Company Medical Plan # 501; Wil-
liam Haegele, a/k/a Bill Haegele, Re-
gional Manager; Thomas Lauritzen,
a/k/a Tom Lauritzen, Federated Mutual
Insurance Company District Manager;
John Cummings, individually; William
Haegele, a/k/a Bill Haegele, individually;
Thomas Lauritzen, a/k/a Tom Lauritzen,
individually, Defendants.

Civ. A. No. 91–4235–DES.

United States District Court,
D. Kansas.

Aug. 4, 1994.

Cheryl D. Myers, Michael B. Myers, Myers & Myers, Topeka, KS, for plaintiffs.

Arthur E. Palmer, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, R. Scott Davies, Minneapolis, MN, for defendants.

### *MEMORANDUM AND ORDER*

SAFFELS, District Judge.

### I. *INTRODUCTION*

. This matter is before the court on plaintiffs' motion to alter or amend judgment (Doc. 225). The parties previously moved for summary judgment. On May 31, 1994, 854 F.Supp. 790, the court issued a Memorandum and Order disposing of their motions. Plaintiffs request that the court alter or amend the Memorandum and Order "as to those rulings dismissing plaintiffs' claims and denying plaintiffs' motion for summary judgment." Plaintiffs also request 45 days from the date the instant Memorandum and Order is issued to present additional evidence. The issues are fully briefed and the court is ready to rule.

### II. *DISCUSSION*

▋ Federal Rule of Civil Procedure 59(e) provides for a motion to alter or amend a judgment. A motion to alter or amend provides the court with an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, or consider a change in the law. *All West Pet Supply v. Hill's Pet Products,* 847 F.Supp. 858, 860 (D.Kan.1994); *Renfro v. City of Emporia, Kansas,* 732 F.Supp. 1116, 1117 (D.Kan. 1990), *aff'd,* 948 F.2d 1529 (10th Cir.1991), *cert. dismissed,* —— U.S. ——, 112 S.Ct. 1310, 117 L.Ed.2d 510 (1992). However, a motion to alter or amend may not be used as a vehicle for the losing party to rehash argu-

ments previously considered and rejected by the district court. *All West Pet Supply*, 847 F.Supp. at 860. Furthermore, "a party's failure to present his strongest case in the first instance does not entitle him to a second chance in the form of a motion to amend." *Paramount Pictures Corp. v. Video Broadcasting Sys., Inc.*, No. 89–1412–C, 1989 WL 159369, * at 1 (D.Kan. Dec. 15, 1989) (citing *United States v. Carolina Eastern Chem. Co., Inc.*, 639 F.Supp. 1420, 1423 (D.S.C. 1986)), *quoted with approval in Renfro*, 732 F.Supp. at 1117.

### A. *Title VII Disparate Treatment*

The parties previously moved for summary judgment as to Mrs. Pamela Torre's Tile VII claims. In the May 31, 1994, Memorandum and Order, the court granted defendants' motion as to disparate impact, granted-in-part and denied-in-part defendants' motion as to disparate treatment, and denied Mrs. Torre's motion as it related to all of her Title VII claims. Mrs. Torre challenges the court's prior rulings as to disparate treatment. Essentially, she uses her Rule 59(e) motion as a vehicle to reorganize and reargue facts previously submitted to, and considered by, the court. After examining her arguments, and reviewing the voluminous factual submissions relevant to the parties' summary judgment motions, the court finds that Mrs. Torre's Rule 59(e) motion should be denied insofar as it challenges prior rulings on her disparate treatment claims.

Disparate treatment occurs when an employer treats a particular employee less favorably than others because of that employee's protected status. *Ortega v. Safeway Stores, Inc.*, 943 F.2d 1230, 1236 (10th Cir.1991); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir.1991). Title VII does not proscribe all unequal treatment of employees; rather, it prohibits meting out unequal treatment based upon certain protected characteristics, such as sex. *See, e.g., Clark v. Atchison, Topeka & Santa Fe Ry.*

*Co.*, 731 F.2d 698, 702 (10th Cir.1984). In a Title VII disparate treatment case, proof of discriminatory motive is critical. *Id.* Discriminatory motive may be shown by direct evidence or inferred from indirect evidence. Mrs. Torre produced no direct evidence of discrimination. Thus, to prove her case, she had to produce sufficient evidence from which a reasonable fact finder could infer that defendants took adverse employment actions based on her sex. After wading through the voluminous factual submissions, and reading them in the light most favorable to Mrs. Torre, the court concluded that no reasonable fact finder could infer that defendants acted with the requisite discriminatory motive. Therefore, the court granted defendants summary judgment.[1]

In her motion to alter or amend, Mrs. Torre argues that the court erred in finding that she failed to produce evidence sufficient to defeat defendants' motion for summary judgment. Indeed, she contends that the court should reverse its earlier ruling and grant her summary judgment. She makes the following six arguments: (1) the court should not have granted summary judgment to defendants on her failure to promote or transfer claim; (2) the court should not have granted summary judgment on her disparate treatment statistical evidence; (3) the court should have considered her statistical evidence relating to her compensation and terms of employment; (4) the court erred when it held her evidence of sexual bias was insufficient to defeat summary judgment; (5) the court erred when it held she could not establish the fourth prong of her prima facie case regarding her "Topeka office" claim; and (6) the court erred when it held there was no genuine issue as to her "unreasonable price quotes" claim.

First, Mrs. Torre argues that the court should not have granted defendants summary judgment as to her Title VII failure to promote or transfer claim. The gist of her argument is that she produced evidence sufficient to defeat defendants' motion for

---

1. The court granted defendants summary judgment as to the following components of her disparate treatment claim: (1) failure to promote or transfer; (2) forcing her to maintain a Topeka office; and (3) providing her with unreasonable price quotes. However, the court denied defendants summary judgment as to her claims relating to the "Big Hitter" and Leadership Council awards.

summary judgment. The court has examined the arguments set forth in her motion to alter or amend. The evidence which she urges the court to consider now previously has been offered to, and considered by, the court. However, as she requests in her motion to alter or amend, and with an eye toward correcting manifest errors, the court again has evaluated her evidence. As before, the court finds her evidence insufficient to support her failure to promote or transfer claim.

Mrs. Torre makes her claim at the absolute frontier of generality. Essentially, she challenges defendants' failure to promote or transfer her to any managerial or supervisory position, anywhere in the company, regardless of job description or geographic location. In support, she points to anecdotal evidence (including, among other things, various promotions or transfers of selected male employees), "statistical" evidence, and allegations of sexual bias. Originally, when examining the parties' motions for summary judgment, the court examined her arguments and considered her evidence. However, her evidence failed, and still fails, to establish that she received disparate treatment than similarly situated males because of her sex.

As the court discussed in the challenged Memorandum and Order, the essence of a disparate treatment action is that the employer treated an aggrieved employee differently than similarly situated employees because of the aggrieved employee's membership in a protected class. In the absence of direct evidence, an employee must produce indirect evidence sufficient to support an inference of proscribed disparate treatment. Mrs. Torre's evidence—anecdotal, statistical, and bias-related—is simply inadequate. Neither her anecdotal nor statistical evidence allows one to draw the proper inference or comparison—that is, the comparison of the employer's treatment of similarly situated individuals. Additionally, her evidence of sexual bias bears no reasonable relationship to the promotions or transfers at issue. In summary, her evidence does not support a reasonable inference that defendants treated her differently than similarly situated males because of her sex. Therefore, her evidence will not defeat a motion for summary judgment.

■ Mrs. Torre's second and third arguments relate to her reliance on statistical evidence. Statistical evidence may be used to create an inference that an employer discriminated against individual members of a protected class. *See, e.g., Drake,* 927 F.2d at 1160 (writing that a plaintiff pursuing a disparate treatment theory "can make an indirect showing of pretext with statistical evidence"); *McAlester v. United Air Lines, Inc.,* 851 F.2d 1249, 1260 (10th Cir.1988) (acknowledging that statistical evidence may be relevant in disparate treatment cases). Mrs. Torre's statistical evidence fails to establish an inference of discrimination for several reasons. First, much of what she characterizes as "statistical" evidence simply is not statistical. Specifically, much of what she refers to as statistical evidence amounts to questionable comparisons of ill-defined subjects.[2] Second, that evidence which may be characterized as statistical is plagued by incompleteness or unsupported by the record submitted to the court and cited by Mrs. Torre.[3] Third, that evidence which may be characterized as statistical does not eliminate nondiscriminatory reasons for the disparities which it reveals. More particularly, her evidence does not focus on eliminating nondiscriminatory explanations by showing disparate treatment between comparable individuals.

In short, Mrs. Torre's "statistical" evidence is insufficient to avoid summary judgment because it is ill-defined, piecemeal, and unprobative. It fails to perform its essential function: eliminating nondiscriminatory explanations by revealing disparate treatment

---

2. For example, the information regarding the male employees listed on her chart and discussed at footnote 10 of the May 31, 1994, Memorandum and Order.

3. For example, fact # 69 from her statement of uncontroverted facts states that during 1988– 1991 11 percent of Federated's marketing representatives were female. In support, Mrs. Torre cites to page 413 of her deposition. Page 413 does not contain testimony which supports this figure or refers to this time-frame.

of comparable employees. For example, although one of her claims alleges discriminatory failure to promote or transfer, her evidence does not reflect the rates of promotion or transfer of similarly situated male and female employees to managerial or supervisory positions. *Cf. Stone v. Galaxy Carpet Mills, Inc.,* 841 F.Supp. 1181, 1188 (N.D.Ga. 1993) (noting that without an analytical foundation a statistical assertion regarding the absence of women in upper management is "virtually meaningless").

Fourth, Mrs. Torre contends that her evidence of "pervasive sexual basis" presented a genuine issue as to her disparate treatment claims.[4] In support, she reasserts facts already submitted to, and considered by, the court. Among other things, she challenges various incidents that occurred at a training session and Federated's failure to provide female employees with ready-made blazers. The court has reviewed the record, and her arguments related to sexual bias, and again finds that Mrs. Torre has produced insufficient evidence of sexual bias to defeat defendants' motion for summary judgment.

Fifth, Mrs. Torre argues that the court incorrectly held that she was unable to meet the fourth prong of her prima facie case regarding her "Topeka office" claim. Federated employed two marketing representatives to service Topeka, Kansas: Mrs. Torre and Mr. Jeff Richardson, a male employee. In support of her Rule 59(e) motion, she provides a list of items which she contends are sufficient to defeat summary judgment. The court has reviewed these facts for the purposes of this motion, as it considered them when evaluating the parties' summary judgment motions, and reaffirms its earlier decision. Mrs. Torre fails to establish that Mr. Richardson, the relevant nonprotected employee, was granted the desired terms and conditions of employment. Her present motion merely reasserts arguments previously considered and rejected.

Sixth, Mrs. Torre argues that the court should have denied defendants' motion with regard to her claims that they provided her with unreasonable price quotes. The court addressed this issue several times in various contexts in the May 31, 1994, Memorandum and Order. In that Memorandum and Order, the court held that she produced no evidence that would enable a reasonable fact finder to conclude that she received discriminatory quotes. Mrs. Torre points to no evidence which requires the court to amend its earlier decision. After reviewing the material supposedly supporting her allegations, the court can find no basis for her conclusions. Her conclusory allegations will not defeat defendants' motion for summary judgment. *See Phillips v. Calhoun,* 956 F.2d 949, 951 n. 3 (10th Cir.1992) (noting that "[u]nsubstianted allegations carry no probative weight in summary judgment proceedings"); *Evers v. General Motors Corp.,* 770 F.2d 984, 986 (11th Cir.1985) (rejecting expert affidavit because it failed to provide specific facts, as required by Rule 56(e), in support of its conclusory allegations). Once again, the court finds no sound reason to alter or amend the grant of summary judgment to defendants.

## B. *29 U.S.C. § 1140: ERISA Discrimination*

Mrs. Torre alleged that 29 U.S.C. § 1140 was violated because, among other things, she had her territory reduced and she was provided with inflated price quotes. Defendants moved for summary judgment. The court granted defendants' motion as to the two above-mentioned allegations. Mrs. Torre now argues that the court erred when it granted defendants' motion.

Section 1140 is the portion of ERISA that prohibits discrimination against an employee benefit plan participant or beneficiary. In order to recover under § 1140,

---

4. Evidence of a general atmosphere of discrimination, or sexual bias, may be relevant to an examination of a Title VII defendant's motive for engaging in the challenged conduct. However, it is not, as Mrs. Torre seems to argue, determinative. *See Sweeney v. Bd. of Trustees of Keene State College,* 604 F.2d 106, 113 (1st Cir.1979),

*cert. denied,* 444 U.S. 1045, 100 S.Ct. 733, 62 L.Ed.2d 731 (1980) (stating that "[p]roof of a general atmosphere of discrimination is not the equivalent of proof of discrimination against an individual, but evidence of such an atmosphere may be considered along with any other evidence bearing on motive....").

Mrs. Torre must prove that the challenged actions were taken with the specific intent to interfere with her plan benefits. *Phelps v. Field Real Estate Co.,* 991 F.2d 645, 649 (10th Cir.1993). Mrs. Torre produced no direct evidence so the court applied the three-step burden shifting approach from *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). *See Gavalik v. Continental Can Co.,* 812 F.2d 834, 852–53 (3rd Cir.1987), *cert. denied,* 484 U.S. 979, 108 S.Ct. 495, 98 L.Ed.2d 492 (1987). At step one, Mrs. Torre had to establish a prima facie case. To establish her prima facie case, she had to demonstrate (1) prohibited employer conduct (2) taken for the purpose of interfering (3) with the attainment of any right to which the employee may become entitled. *Id.* at 852. As to her allegations regarding the territory reduction and price quote inflation, the court concluded that she failed to make her prima facie showing.

■ After reviewing the record submitted with the parties' summary judgment motions, the court finds no basis for altering or amending the May 31, 1994, Memorandum and Order. Specifically, Mrs. Torre points to, and the court can find, no evidence sufficient to support a reasonable inference that her territory was reduced for the purpose of interfering with her attainment of plan benefits. Additionally, as the court discussed in the preceding section, there is simply no evidence to support her allegations that she was given inflated price quotes. Her unsubstantiated belief and conclusory allegations are inadequate to avoid summary judgment.

### C. *Intentional Infliction of Emotional Distress: Mrs. Torre*

Plaintiffs made two separate claims of intentional infliction of emotional distress—one on behalf of Trisha and one on behalf of Mrs. Torre. The court granted defendants summary judgment as to both claims. The court held that ERISA preempted the former and the facts did not support the latter. Plaintiffs argue that, with respect to Mrs. Torre's claim, defendants based their motion only on

ERISA preemption not factual insufficiency. Accordingly, plaintiffs request the court alter its judgment and grant them 45 days to present evidence in support of Mrs. Torre's claim.

Plaintiffs' argument is without merit. In Section D of their memorandum in support of summary judgment, defendants argued that ERISA preempted all of plaintiffs' common law claims, including their two claims of intentional infliction of emotional distress. In Section E of their memorandum, entitled "Torre's Emotional Distress Claims Fail," defendants presented the threshold requirements for such a claim and argued that plaintiffs' claims failed to meet the threshold. Thus, Mrs. Torre's argument that defendants based their motion only on ERISA preemption is meritless. As to her second argument, the court notes that plaintiffs made two claims for emotional distress. Defendants clearly direct their Section E "threshold argument" to plaintiffs' "claims" in the plural.

There is no textual basis for limiting defendants' motion to only Trisha's claim. In order to accept plaintiffs' argument, one must either (1) refuse to consider Section E of defendants' memorandum in its entirety or, instead, (2) read it in the singular as attacking only Trisha's claim and not both of plaintiffs' claims. To choose the former is disingenuous for it requires the court to deny defendants the benefit of a meritorious argument which they clearly made and adequately identified. To choose the latter is similarly unacceptable in that it requires the court to limit the scope of defendants' attack in a manner that is plainly contradictory to their expressed intent. Section E refers to both claims and both plaintiffs. In Section E, defendants invite the court to conduct the threshold examination required by Kansas law. The court conducted this examination and, as a result, granted defendants summary judgment. Mrs. Torre's argument is unpersuasive. Accordingly, the motion to alter or amend is denied with respect to Mrs. Torre's claim for intentional infliction of emotional distress.

### D. Plaintiffs' "Objection"

Plaintiffs contend that the court should have granted their motion based on their reply to defendants' response to plaintiffs' motion for summary judgment.[5] In their reply, plaintiffs' argument, simply stated, was that defendants "utterly failed to meet their burden as the non-moving party for the reason that the defendants have not even controverted the plaintiffs' D.Kan. Rule 206(c) facts." *Plaintiffs' Reply,* filed October 4, 1993, at p. 2. Plaintiffs merely rehash an argument previously made, considered, and rejected. As before, the court finds their argument to be without merit.

District of Kansas Rule 206(c) provides that "a motion for summary judgment shall begin with a section that contains a *concise* statement of *material* facts as to which the movant contends no genuine issue exists." (Emphasis added). Plaintiffs' motion contains a factual statement which spans nearly 50 pages and consists of some 458 numbered, single-spaced paragraphs, not including subparagraphs. Despite plaintiffs' obvious departure from District of Kansas Rule 206(c), they object to the form of defendants' response. The court has considered plaintiffs objections as to both the form and substance of defendants' response. Defendants' response was sufficient, in both form and substance, to survive summary judgment.

### E. Remaining "Rulings"

In their motion, plaintiffs request the court alter or amend the May 31, 1994, Memorandum and Order "as to those rulings dismissing plaintiffs' claims and denying plaintiffs' motion for summary judgment." Essentially, plaintiffs ask that the court overturn every ruling that was adverse to them. In their memoranda, plaintiffs discuss the four general items already addressed by the court herein. As previously held, the court finds no basis to alter or amend the May 31, 1994, Memorandum and Order as to these five items. Furthermore, as to the remaining

rulings, the court finds plaintiffs have presented no basis to alter or amend any of the other rulings contained in the May 31, 1994, Memorandum and Order. Specifically, the court finds that, as to the remaining rulings, plaintiffs point to no manifest errors of fact or law which require correction, present no newly discovered evidence, and demonstrate no change in the law.

### III. CONCLUSION

The court has examined Mrs. Torre's Rule 69(e) motion. After reviewing the May 31, 1994, Memorandum and Order, and the parties' factual and legal submissions in support of their motions for summary judgment, the court is unpersuaded that the Memorandum and Order requires amendment or alteration.

**IT IS BY THE COURT THEREFORE ORDERED** that plaintiffs' motion to alter or amend judgment (Doc. 225) is denied.

**IT IS FURTHER ORDERED** that plaintiffs' request for 45 days to present additional evidence is denied.

---

5. Plaintiffs also moved objecting to defendants' reply to plaintiffs' response to defendants' motion for summary judgment. As discussed by the court in the May 31, 1994, Memorandum and Order, plaintiffs' motion amounts to a motion to strike and as such is without procedural basis. *See Jones v. City of Topeka,* 764 F.Supp. 1423, 1425 (D.Kan.1991) (noting that motions to strike can be directed only at pleadings, not motions for summary judgment).