Dennis G. WOOD, Plaintiff,

v.

CITY OF TOPEKA, KANSAS, Topeka Housing Authority, Defendant.

No. CIV.A. 98–4011–DES.

United States District Court, D. Kansas.

April 14, 2000.

Cheryl D. Myers, Michael B. Myers, Myers & Myers, Topeka, KS, for Dennis G. Wood, plaintiffs.

Marta Fisher Linenberger, Arthur E. Palmer, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for City of Topeka, Kansas, defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter comes before the court on Plaintiff's Motion to Alter or Amend the Judgment (Doc. 73) as to plaintiff's age discrimination claim. The court has reviewed the arguments presented by both parties and hereby grants the motion.

## I. INTRODUCTION

The City of Topeka ("City") hired Dennis Wood as a maintenance worker on July 25, 1972. Wood was fifty-two years old when he was fired by the City on February 7, 1997. The City claims it fired Wood because two female employees complained of sexual harassment and Wood had a history of sexual harassment complaints. In 1993, Marilyn Lentz and Danielle White filed complaints against Wood for sexual

harassment and sued the City. Wood was suspended for thirty days without pay for each complaint. In February 1997, Lisa Munoz and Cindy Smith filed complaints against Wood for sexual harassment. The City appointed Peg Brown, from the Human Resources Department, to investigate the complaints. The City found the complaints credible and discharged Wood.

Wood claims he was fired due to age and gender discrimination, and that the city was in breach of contract when it relied on the past incidents of sexual harassment as a basis to fire him. Wood brought suit in federal court alleging sexual harassment, age discrimination, gender discrimination, retaliatory discharge, § 1983 violations of equal protection, due process, and free speech, breach of expressed and implied contract, wrongful discharge, intentional infliction of emotional distress, negligence and loss of consortium. Defendant filed a motion for summary judgment seeking judgment as to all plaintiff's claims.

The court granted the motion for summary judgment in its Memorandum and Order (Doc. 71) dated February 4, 2000. The plaintiff's motion to alter or amend the judgment only requests the court to reconsider its ruling as to the age discrimination claim.

## II. DISCUSSION

Federal Rule of Civil Procedure 59(e) provides for a motion to alter or amend, which is essentially a motion for reconsideration. *Hilst v. Bowen*, 874 F.2d 725, 726 (10th Cir.1989). Such a motion provides the court with an opportunity to correct manifest errors of fact or law, hear newly discovered evidence, or consider a change in the relevant law. *Torre v. Federated Mut. Ins. Co.*, 862 F.Supp. 299, 300 (D.Kan.1994). "However, a motion to alter or amend may not be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the court." *Id.* Whether to grant or deny a motion for reconsideration is committed to the discretion of the district court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir.1988).

The court granted summary judgment on Wood's age discrimination claim. The court determined that the plaintiff had not produced direct evidence of age discrimination. In the absence of direct evidence, the court must apply the *McDonnell Douglas* burden-shifting analysis to determine if summary judgment is proper. *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir.1998) (applying the *McDonnell Douglas* framework to ADEA claims). The Tenth Circuit has adopted a three-step analysis. First, plaintiff carries the burden of establishing a prima facie case of discrimination. *Id.* To establish a prima facie case of age discrimination, the plaintiff must show (1) he is "within the protected age group"; (2) he "was doing satisfactory work"; (3) he "was discharged"; and (4) his position was filled by a younger person. *Id.* (citing *Cone v. Longmont United Hospital Ass'n*, 14 F.3d 526, 529 (10th Cir.1994)).

The court determined that Wood did not meet his burden of establishing a prima facie case of age discrimination because Wood had not established the fourth element, that his position was filled by a younger person. Wood argues that the City did not controvert the fourth element, despite the fact that defendant's memorandum in support of summary judgment clearly states, "Under *McDonnell Douglas*, Wood cannot establish a *prima facie* case. Wood has not established he was replaced by a younger individual." (Doc. 47, p. 16). Plaintiff's response is silent as to any of the four elements of the prima facie case and completely ignores defendant's allegation that plaintiff did not establish that he was replaced by a younger individual.

To establish that his position was filled by a younger person, plaintiff presents the affidavit of co-worker, Silvino Gomez, dated February 18, 2000. The court acknowledges that this "new" evidence is sufficient, however, such information is properly included in the response to defendant's motion for summary judgment.

Because the plaintiff has established that the plaintiff was replaced by a younger individual, the court reverses its prior ruling and finds that plaintiff has established a prima facie case of age discrimination.

Although Wood established a prima facie case, the inquiry does not end there. At the second step of the burden shifting analysis, the defendant carries the burden of producing a nondiscriminatory reason for plaintiff's termination. *McKnight,* 149 F.3d at 1128. The City claims it fired Wood because he had two complaints of sexual harassment and two past complaints of sexual harassment for which he was disciplined. Because the City offered a nondiscriminatory reason, the burden shifts to Wood to show that the City's explanation was merely pretext. *Id.* Pretext may be established by showing either "that a discriminatory reason more likely motivated the employer or ... that the employer's proffered explanation is unworthy of credence." *Rea v. Martin Marietta Corp.,* 29 F.3d 1450, 1455 (10th Cir. 1994) (citing *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)).

■ Plaintiff argues he has established pretext because younger male employees, Robert Brower and Steve Creollo, were treated differently when they committed sexual harassment. In the alternative, plaintiff argues that the differential treatment is direct evidence of discrimination. Plaintiff did not present this argument in his response to defendant's motion for summary judgment on his age discrimination claim. This information was tucked away in plaintiff's statement of controverted facts. It is not the court's responsibility to weed through the numerous factual contentions and piece together facts to create arguments to establish plaintiff's claim. Such arguments are properly included in the analysis section rather than the controverted facts section, especially in a complex case such as this, with thirteen claims

before the court. Even if plaintiff had properly presented this argument, the court would not have found direct evidence of discrimination or pretext.

There is no evidence that Brower and Creollo were treated differently than plaintiff because the two men were not similarly situated with plaintiff. Wood had two complaints of sexual harassment filed against him. Brower and Creollo only had one complaint filed against them. Wood had two past complaints of sexual harassment which resulted in two lawsuits filed against the City and for which Wood was disciplined. There is no evidence that either Brower nor Creolle had caused the City to be sued for sexual harassment. There is also no evidence that these men had been disciplined in the past for sexual harassment. Upon discovery of the sexual harassment, the City disciplined Brower by demotion, which is the same discipline Wood received upon the first sexual harassment complaint. The City did not discipline Creollo, but there is no evidence that the City found the allegations against Creollo credible. Brower and Creollo were not treated differently than plaintiff. Plaintiff is attempting to compare apples to oranges. Mere speculation that younger men were treated differently is not direct evidence of discrimination or evidence of pretext.

The court also rejects plaintiff's argument that the general observation that older employees with seniority must be paid more than a younger person is direct evidence of age discrimination.[1] Therefore, plaintiff's request that the court deny defendant's motion for summary judgment as to the age discrimination claim is denied. **IT IS THEREFORE BY THE COURT ORDERED** that Plaintiff's Motion to Alter or Amend the Judgment (Doc. 73) is granted. The court's previous ruling that plaintiff failed to establish a prima facie case of age discrimination is

1. Plaintiff's additional argument that Gerald Baldwin's age-related comments were direct evidence of age discrimination is addressed in the court's Memorandum and Order (Doc. 71).

reversed. However, this ruling does not alter the court's decision to grant summary judgment as to plaintiff's age discrimination claim.