DOW CHEMICAL PACIFIC
LTD., Plaintiff,

v.

RASCATOR MARITIME S.A.; Intra-Span, Inc.; Mahmud Ahmed, a/k/a Mahmud Sipra; Miles A. Galin, M.D.; Sanko Kisen (U.S.A.) Corp.; M/V OGDEN FRASER, her engines, boilers, etc. Ogden Fraser Transport, Inc., Defendants.

MANUEL INTERNATIONAL INC., and Manuel International D.I.S.C., Inc., Plaintiffs,

v.

RASCATOR MARITIME S.A.; Intra-Span, Inc.; Mahmud Ahmed, a/k/a Mahmud Sipra; Miles A. Galin, M.D.; the Sanko Steamship Co., Ltd.; Sanko Kisen (U.S.A.) Corp.; M/V OGDEN FRASER, her engines, boilers, etc.; Ogden Fraser Transport, Inc., Defendants.

Nos. 79 Civ. 3131(KTD), 80
Civ. 0359(KTD).

United States District Court,
S.D. New York.

Dec. 11, 1984.

As Amended Dec. 14, 1984.

Hill, Rivkins, Carey, Loesberg, O'Brien & Mulroy, New York City, for plaintiffs Dow Chemical Pacific Ltd., Manuel Intern., Inc. and Manuel D.I.S.C. Intern., Inc.; Raymond P. Hayden, Philip Keith Yachmetz, New York City, of counsel.

W. Shelby Coates, Jr., New York City, for defendants Rascator Maritime, S.A. and Miles A. Galin, M.D.

Zock, Petrie & Curtin, New York City, for defendants Sanko Kisen (U.S.A.) Corp. and Sanko Steamship Co., Ltd.; Philip J. Curtin, New York City, of counsel.

Burlingham Underwood & Lord, New York City, for defendants Ogden Fraser Transport Inc. and M/V Ogden Fraser; Michael Marks Cohen, G. Elizabeth Reese, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge.

Defendants Miles A. Galin, M.D. and Rascator Maritime, S.A. ("Rascator") and Ogden Transport Inc. and the M/V Ogden Fraser (collectively "Ogden") move for the reargument, amendment and/or vacatur of my October 9, 1984 Opinion, 594 F.Supp. 1490.

## I.

Ogden's motion is based on the fact that my Opinion did not "grant or otherwise dispose of said defendants' right to contractual indemnity from Sanko Steamship Co., Ltd. [("Sanko")] under the head charter party dated July 23, 1974." Sanko does not oppose Ogden's motion. Ogden notes correctly that Ogden is entitled to indemnification from Sanko arising from the head charter party for all liability incurred by the vessel for the legal expenses incurred by the owners in defending themselves. *See Fernandez v. Chios Shipping Co.*, 542 F.2d 145, 152 (2d Cir.1976). In the October 9, 1984 Opinion, I did not explicitly refer to Sanko's contractual liability to Ogden because the parties in effect stipulated to such liability. *See* Trial Transcript ("Tr.") at 189. At trial, Sanko withdrew its claim that the indemnification issue was arbitrable and conceded that should Ogden be found liable to plaintiffs, they would have a "claim for indemnity over against Sanko Steamship and likewise Sanko Steamship will have a claim over against Rascator [and its alter-egos] in contract." *Id.* Accordingly, Ogden's motion is granted and the October 9, 1984 Opinion is amended on page 24, line 18, to include Sanko as one of the parties from whom Ogden may seek indemnification.

## II.

Defendants Dr. Galin and Rascator move for an order vacating the October 9, 1984 Opinion and providing for a new opinion granting judgment in favor of Dr. Galin.

Rule 52(b) provides that upon motion, the court "may amend its findings or make additional findings." Fed.R.Civ.P. 52(b); *see* Fed.R.Civ.P. 59(e) (motion to alter or amend judgment). The grounds that are recognized to support such a motion include (1) that the trial court has made a manifest error of fact or law, (2) that there

is newly discovered evidence, or (3) that there has been a change in the law. J. Moore & J. Lucas, 6A Moore's Federal Practice ¶¶ 59.05, .07, .12 (2d ed. 1981).

Dr. Galin's counsel, W. Shelby Coates, Esq., asserts that there are sixteen errors and/or omissions in the Opinion mandating an order vacating or amending it. The alleged errors and/or omissions include (1) that the preamble includes statements that "manifest a vulgar misuse of the pejorative, [and] are perversely wrong," (2) that Rascator did not prematurely issue to Manuel the four bills of lading, (3) that Rascator's refusal to sign the bills of lading was based on violations by Manuel of the Federal Bills of Lading Act as well as a dispute over the deadfreight claim, (4) that the dispute over the issuance of the bills of lading arose on February 1, 1979 and not February 7, 1979, (5) that the characterization that Rascator was holding plaintiffs' cargo for "ransom" was error, (6) that Judge Goettel's February 14, 1979 Order was incompletely paraphrased, (7) that the characterization of the plan by Sipra and Dr. Galin as "larcenous" was error, (8) that W. Shelby Coates, Esq. never visited Cadiz, Spain, (9) that transshipment had been arranged by Sipra and Dr. Galin but that the arrangement was thwarted by Sanko, (10) that the characterization that the cargo was offloaded for "nefarious" reasons is error, (11) that there was evidence that the deviation to Cadiz was reasonable based on the dead freight claim, (12) that a finding should have been made that Sanko tortiously interfered with Rascator's agreement with other shippers, (13) that Dr. Galin should not have been held personally liable, and (14) that attorneys' fees should not have been awarded. The alleged omissions include (1) that losses suffered by plaintiffs were caused in part by Sanko's tortious interference with transshipment arrangements, and (2) that Rascator's ability to continue performance became commercially impracticable and frustrated by reason of the deadfreight claim.

■ With respect to grounds two and eight, Dr. Galin's motion is granted to the

following extent. On page 8, line 2, of the Opinion the word "Rascator" is omitted. On page 10, line 4, of the Opinion, "and W. Shelby Coates, Esq." is deleted.

■ Grounds one, five, seven and ten, challenge my characterization of Dr. Galin's activities; such characterizations are the result of the nature of the evidence introduced and credibility determinations made at trial. It is indeed ironic that most of the grounds advanced by Dr. Galin—including the ones relating to my "characterizations"—in support of his application for amendment or vacatur relate to my factual findings. Dr. Galin had an opportunity to present his side of the story at trial but instead chose not to appear despite the issuance of a valid subpoena. Furthermore, many of Dr. Galin's reasons are merely reassertions of issues and defenses advanced at trial or before Judge Goettel in Rascator's action which was dismissed with prejudice after Rascator failed to comply with the court's order to transship.

■ Finally, most of the grounds raised by Dr. Galin are irrelevant as they would not in any way affect the outcome of the case. For example, the fact that a dispute over the issuance of the bills of lading may have arisen on February 1, 1979 instead of February 7, 1979 is totally irrelevant to my ultimate findings.

■ With respect to Dr. Galin's claimed omissions, I found no evidence to support a conclusion that Sanko interfered with Rascator's plans to transship and nothing new has been introduced tending to alter that outcome. As I have stated, Dr. Galin's second asserted omission relating to its deadfreight claim must be rejected as a default judgment was entered against Rascator for failure to comply with orders issued by Judge Owen and Judge Goettel. Furthermore, the claimed errors and omissions dealing with the deadfreight issue involve contentions and facts litigated before Judge Goettel on February 14, 1979.

Accordingly, Ogden's motion to amend the October 9, 1984 Opinion is granted.

**454**

Page 24, line 18 shall read: "from *Sanko*, Rascator, Intra-Span, Dr. Galin and Sipra."

Dr. Galin's motion is granted in part and denied in part. Page 8, line 2, shall read in part: "Thus, Manuel procured [from Rascator]." (bracketed material omitted). Page 10, line 4, shall read in part: "Sipra [and W. Shelby Coates, Esq.,] visited the vessel in Cadiz." (bracketed material deleted). In all other respects, Dr. Galin's motion to alter the Opinion is denied. Judgments shall be submitted by plaintiffs, and Ogden within five (5) days of the filing of this Order.

SO ORDERED.