**ALL WEST PET SUPPLY COMPANY, a/k/a West Denver Feed Company, Plaintiff,**

v.

**HILL'S PET PRODUCTS DIVISION, COLGATE–PALMOLIVE COMPANY, and Veterinary Companies of America, Inc., Defendants.**

**HILL'S PET PRODUCTS DIVISION, COLGATE–PALMOLIVE COMPANY, Counterclaim Plaintiff,**

v.

**ALL WEST PET SUPPLY COMPANY, Counterclaim Defendant.**

No. 92–1174–DES.

United States District Court, D. Kansas.

Jan. 7, 1994.

---

Ronald D. Heck, Heck & Sheppeard, P.A., Topeka, KS, Paul J. Hanley, Phyllis M. Ain, Durham & Baron, P.C., Denver, CO, for plaintiff.

Steven K. Morse, Hill's Pet Nutrition, Inc., Topeka, KS, Jeffrey F. Reiman, Reiman & Associates, P.C., Denver, CO, for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the motion of the plaintiff for reconsideration and clarification (Doc. 148) of this court's Memorandum and Order filed December 29, 1993, 840 F.Supp. 1433. Specifically, plaintiff seeks reconsideration of the court's grant of partial summary judgment in favor of Hill's Pet Products Division ("Hill's") with regard to plaintiff's claim for breach of contract. Plaintiff also seeks clarification of the court's order as to its possible effect on the plaintiff's trade secret claims.

1. Plaintiff first contends that the obligation of Hill's to keep confidential the information All West Pet Supply Company ("All West") submitted periodically to Hill's for use in the Retail Sales Management System (RSMS) survived the termination of the distributorship agreement by which that obli-

gation was imposed. By raising this argument, plaintiff asks this court to reconsider its previous ruling that the plaintiff cannot recover for breach of contract to the extent that its claim is based upon the alleged misuse by Hill's of the information in question after the expiration of the distributorship agreement.

■ A motion for reconsideration of an order granting summary judgment is appropriately brought under Rule 59(e) as a motion to alter or amend. *Northern Cheyenne Tribe v. Hodel*, 851 F.2d 1152, 1155 (9th Cir.1988) (citation omitted). Whether to grant or deny a motion for reconsideration is committed to the discretion of the district court. *See Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir.1988); *see also Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir.1990). "Recognized grounds for a motion to alter or amend findings include '(1) that the trial court has made a manifest error of fact or law, (2) that there is newly discovered evidence, or (3) that there has been a change in the law.' " *Renfro v. City of Emporia, Kan.*, 732 F.Supp. 1116, 1117 (D.Kan.1990) (quoting *Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.*, 609 F.Supp. 451, 452–53 (S.D.N.Y.1984), *modified on other grounds*, 782 F.2d 329 (2d Cir.1986)), *aff'd*, 948 F.2d 1529 (10th Cir. 1991), *cert. dismissed*, —— U.S. ——, 112 S.Ct. 1310, 117 L.Ed.2d 510 (1992); *see Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). Appropriate grounds for a motion to reconsider include the obvious misapprehension by the court of a party's position, the facts, or the law; or a mistaken decision by the court of issues outside those presented for determination. *E.g., Foutty v. Equifax Services, Inc.*, 764 F.Supp. 621, 622 (D.Kan.1991); *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D.Kan.1990).

■ "[A] party's failure to present his strongest case in the first instance does not entitle him to a second chance in the form of a motion to amend." *Paramount Pictures Corp. v. Video Broadcasting Sys., Inc.*, No.

89–1412–C, 1989 WL 159369, at * 1 (D.Kan. Dec. 15, 1989) (citing *United States v. Carolina Eastern Chem. Co., Inc.*, 639 F.Supp. 1420, 1423 (D.S.C.1986)), *quoted with approval in Renfro*, 732 F.Supp. at 1117. A motion to reconsider or to alter or amend may not be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court. *National Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir.1990); *In re Oil Spill by "Amoco Cadiz" Off Coast of France on March 16, 1978*, 794 F.Supp. 261, 267 (N.D.Ill.1992). Further, a motion to alter or amend cannot be used to raise new issues for the first time after entry of summary judgment. *Hashwani v. Barbar*, 822 F.2d 1038, 1041 (11th Cir.1987) (citation omitted); *see also Ray E. Friedman & Co. v. Jenkins*, 824 F.2d 657, 660 (8th Cir. 1987) (movant cannot use Rule 59(e) to expand judgment to encompass new issues); *Publishers Resource, Inc., v. Walker–Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir.1985) (party cannot wait until a motion for reconsideration to advance new legal theories or supporting facts that were available during original briefing process); *In re Oil Spill*, 794 F.Supp. at 267 (motions for reconsideration cannot be used to raise new legal theories for the first time, raise legal arguments that could have been heard during pendency of previous motion, or present evidence that could have been adduced during the pendency of the original motion); *Van Skiver v. United States*, 751 F.Supp. 1522, 1523 (D.Kan.1990) (inappropriate for movant to advance new arguments or supporting facts that were available when original summary judgment motion was briefed), *aff'd*, 952 F.2d 1241 (10th Cir.1991), *cert. denied*, —— U.S. ——, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).

■ The plaintiff essentially contends that the court misapprehended the law of Kansas by refusing to imply in the distributorship agreement a perpetual contractual obligation on the part of Hill's to keep All West's RSMS customer information confidential. All West raises a number of legal arguments[1] and some additional facts not ad-

---

**1.** For example, All West cites to the Kansas statutes enacting provisions of Article 2 of the Uni-

vanced in its original summary judgment response, none of which will be considered by the court. *See Publishers Resource, Inc.,* 762 F.2d at 561; *In re Oil Spill,* 794 F.Supp. at 267; *Van Skiver,* 751 F.Supp. at 1523.

All West contends that its promise to provide Hill's its customer information was made in consideration for Hill's promise of confidentiality. While the court agrees with that assertion, All West's obligation to submit the information was also part of the consideration for Hill's designation of All West as a distributor of Hill's products. When the distributorship contract expired, the mutual obligations of the parties under that particular contract also expired.

■ All West urges that the court's construction of the contract in effect results in a forfeiture of All West's customer information, which it claims is a trade secret. The court disagrees. All West's trade secret claim in its customer information as its intellectual property is independent of the contractual obligation on the part of Hill's to maintain the confidentiality of the RSMS information supplied periodically to Hill's under the terms of the distributorship agreement.[2] *See* K.S.A. 1992 Supp. 60–3326(b)(1).

Next, All West relies on cases applying the contract law of other jurisdictions in arguing that the confidentiality obligation of Hill's is limited to the period of time, beyond termination of the contract, during which the information remains a trade secret. This argument is directly contrary to All West's contention in response to the summary judgment motion that its principal, Michael Bernstone, intended that the confidentiality obligation would last in perpetuity, and that parol evidence should be admitted to support such a construction of the contract. Further,

the fact that the law of other jurisdictions has been construed to extend a contractual confidentiality obligation beyond the term of the contract does not mean that this court has obviously misapprehended the applicable law of Kansas.

■ Next, All West argues that the contract is silent with regard to which obligations survive termination of the distributorship agreement and which cease at that time. The court's previous order has already answered this argument by citation to *Bartlett and Co., Grain v. Curry,* 1 Kan.App.2d 242, 563 P.2d 1096, 1101 (1977), which held that a contract that specifies the period of its duration generally terminates on the expiration of such period. If the contract expires on a particular date, the mutual obligations of the parties that comprise the contract of course also terminate on that date, unless the parties otherwise expressly provide in the contract. In this case, the contract included an integration clause explicitly providing that the written agreement embodied the entire agreement of the parties in relation to its subject matter, and that any modifications of the agreement must be made in writing. Therefore, the fact that the contract did not explicitly state that the confidentiality obligation would extend beyond the term of the contract dictates in favor of the court's construction. Contrary to All West's argument, the fact that the contract was silent in this regard does not compel a conclusion as a matter of law that the contract was ambiguous.

As the court stated in its previous order, it is not the function of the court to rewrite the contract under the guise of interpretation in order to achieve some equitable result, no

---

form Commercial Code in contending that the contractual obligation of Hill's to keep the information confidential survived termination of the agreement. Even if the court were to consider these arguments, they have no merit. The scope of Article 2 of the Uniform Commercial Code extends only to contracts for the sale of goods. *See* K.S.A. 84–2–102. The distributorship agreement, however, designated All West as a distributor in exchange for its promise to use its best efforts to promote resales of Hill's products. All West's obligation to submit customer information to Hill's in return for Hill's promise to keep it confidential cannot be characterized as a con-

tract for the sale of goods, and Article 2 therefore does not apply.

2. While Hill's contractual duty of confidentiality may be a factor in determining whether some or all of All West's customer information can be characterized by the jury as a trade secret, the *contractual* duty of confidentiality on the part of Hill's is independent of its *statutory* duty under the Uniform Trade Secrets Act not to use or disclose information that falls within the definition of a trade secret.

matter how unfair the court may consider the contract made by the parties. *See Morgan v. Mobil Oil Corp.,* 726 F.2d 1474, 1477 (10th Cir.1984) (applying Kansas law).

■ All West's final argument is that the law of Kansas implies a duty of good faith and fair dealing in every contract. *See Daniels v. Army Nat'l Bank,* 249 Kan. 654, 822 P.2d 39, 43 (1991). The court agrees that Kansas law implies such a duty in every contract, but that duty expired on the date the contract terminated. All West may continue to pursue its breach of contract claim for alleged misuse of the protected RSMS customer information that occurred during the life of the distributorship agreement, when Hill's had an implied contractual duty of good faith and fair dealing. If Hill's was conferred a benefit after termination of the distributorship agreement by use of All West's customer information, the equitable remedy All West claims it is due simply cannot be obtained on the basis of the legal theory of breach of contract.

■ 2. All West's second argument is that its damages resulting from Hill's breach of the confidentiality provision during the term of the agreement were not nominal. All West admits that it did not present any evidence of such damages in responding to Hill's motion for partial summary judgment as to this issue. Therefore, All West's belated attempt to present such evidence on a motion for reconsideration is without merit.[3] *See Publishers Resource, Inc.,* 762 F.2d at 561; *In re Oil Spill,* 794 F.Supp. at 267; *Van Skiver,* 751 F.Supp. at 1523.

3. Finally, All West argues that even if the contractual confidentiality obligation did not survive termination of the distributorship agreement, Hill's was not thereafter entitled to use All West's customer information. This argument is advanced in response to the reply Hill's filed to All West's response to Hill's motion in limine. In that reply, Hill's interprets this court's December 29, 1993, order to mean that it was entitled to use All West's customer information however it

pleased after termination of the distributorship agreement.

The court does not condone All West's attempt to file a surreply to the motion in limine by submitting a motion for reconsideration of this court's summary judgment order. D.Kan. Rule 206(b) does not permit a party to file a pleading in response to a reply, at least not without the permission of the court. Nevertheless, the court believes some clarification is in order on the basis of Hill's misinterpretation of the court's December 29, 1993, order.

The court specifically ruled in its order granting Hill's partial summary judgment that the *distributorship agreement* did not obligate Hill's to maintain the confidentiality of the customer information All West periodically submitted to Hill's under the terms of that agreement, after it expired on March 31, 1992. *See* Memorandum and Order, December 29, 1993, at 1439–40. The court's grant of partial summary judgment, limited to the breach of contract claim, certainly does not mean that Hill's was "entitled" to use All West's customer information after March 31, 1992. Hill's may have obligated itself to maintain the secrecy of certain information it obtained from All West by other agreements or other actions that are not presently before this court for consideration. Further, Kansas statutes impose an independent obligation not to misappropriate any information that can be properly characterized as a trade secret.

**IT IS BY THE COURT THEREFORE ORDERED** that the plaintiff's motion for reconsideration (Doc. 148) is hereby denied.

■

---

**3.** Of course, the court's ruling on the breach of contract claim does not preclude All West from seeking damages for misappropriation of its claimed trade secret, whether the alleged misappropriation occurred before or after the distributorship agreement expired.