**ALL WEST PET SUPPLY COMPANY, a/k/a West Denver Feed Company, Plaintiff,**

v.

**HILL'S PET PRODUCTS DIVISION, COLGATE–PALMOLIVE COMPANY, and Veterinary Companies of America, Inc., Defendants.**

**HILL'S PET PRODUCTS DIVISION, COLGATE–PALMOLIVE COMPANY, Counterclaim Plaintiff,**

v.

**ALL WEST PET SUPPLY COMPANY, Counterclaim Defendant.**

**Civ. A. No. 92–1174–DES.**

United States District Court, D. Kansas.

Feb. 18, 1994.

Ronald D. Heck, Heck & Sheppeard, P.A., Topeka, KS, Paul J. Hanley, Phyllis M. Ain, Durham & Baron, P.C., Denver, CO, for plaintiff All West Pet Supply Co.

Steven K. Morse, Hill's Pet Nutrition, Inc., Topeka, KS, Jeffrey F. Reiman, Reiman & Associates, P.C., Denver, CO, for defendants Hill's Pet Products Div., Colgate–Palmolive Co., Veterinary Companies of America, Inc.

### *MEMORANDUM AND ORDER*

SAFFELS, Senior District Judge.

This matter is before the court on the motion of Hill's Pet Products Division, counterclaim plaintiff, to alter and amend the judgment entered by this court in its favor on the counterclaim for money due for products sold and delivered to counterclaim defendant All West Pet Supply Company (Doc. 155) 840 F.Supp. 1433. Hill's asks the court to alter the judgment to include an award of prejudgment interest in the amount of $154,-955.13, calculated at the rate of 18 percent

from April 30, 1992, to the date summary judgment was entered in its favor.

"Recognized grounds for a motion to alter or amend findings include '(1) that the trial court has made a manifest error of fact or law, (2) that there is newly discovered evidence, or (3) that there has been a change in the law.'" *Renfro v. City of Emporia, Kan.,* 732 F.Supp. 1116, 1117 (D.Kan.1990) (quoting *Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.,* 609 F.Supp. 451, 452–53 (S.D.N.Y.1984), *modified on other grounds,* 782 F.2d 329 (2d Cir.1986)), *aff'd,* 948 F.2d 1529 (10th Cir. 1991), *cert. dismissed,* —— U.S. ——, 112 S.Ct. 1310, 117 L.Ed.2d 510 (1992); *see Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). Hill's contends that the court made a manifest error of law by failing to award prejudgment interest on its counterclaim.

■ Under Kansas law, prejudgment interest must be awarded if a claim is liquidated. *Royal College Shop v. Northern Ins. Co.,* 895 F.2d 670, 673–74 (10th Cir.1990). A claim becomes liquidated when both the amount due and the date on which it is due are fixed and certain, or become definitely ascertainable by mathematical computation. *Plains Resources, Inc. v. Gable,* 682 P.2d 653, 657 (Kan.1984); *see* K.S.A. 16–201 ("Creditors shall be allowed to receive interest ... for money due on settlement of account, from the day of liquidating the account and ascertaining the balance.") Therefore, if the counterclaim on which Hill's prevailed was a liquidated claim, the court is required to modify the judgment to award prejudgment interest. This is the case even though, as All West correctly argues, Hill's failed to

seek an award of prejudgment interest in its motion for summary judgment. *See generally* 47 C.J.S. Interest & Usury § 81 (1982) (where interest is recoverable as an incident of the debt, it may be recovered under general allegation of damages without being specially claimed).[1]

■ In this case, All West stipulated in the pretrial order that the amount due on Hill's counterclaim was $516,517.09. However, the parties did not stipulate to the date the account balance was due. The stipulated account balance of $516,517.09 was calculated by subtracting the value of certain inventory All West returned to Hill's after the distributorship terminated from the amount All West owed Hill's on its open purchase account. The record does not reveal when All West returned the excess inventory to Hill's. Hill's has submitted a computer listing of All West's "open payables" dated August 17, 1992, which reflects a net total due of $516,-517.09, after crediting numerous amounts to All West's account on various dates.

However, this evidence was not submitted by Hill's in support of its summary judgment motion and therefore cannot be used at this juncture to support a motion to alter and amend to include an award of prejudgment interest. In considering Hill's motion to alter or amend judgment, the court must limit its consideration to the record available to the court at the time it considered Hill's motion seeking summary judgment on its counterclaim. *See, e.g., Publishers Resource, Inc., v. Walker–Davis Publications, Inc.,* 762 F.2d 557, 561 (7th Cir.1985) (party cannot wait until a motion for reconsideration to advance supporting facts that were available during original briefing process); *In re Oil*

---

1. Hill's contends that it requested prejudgment interest in its counterclaim. However, Hill's request for relief in its counterclaim included only a general request for "interest." The court is unable to locate any reference in any of Hill's pleadings to a claim for 18 percent prejudgment interest on the amount of the stipulated debt. It therefore strains reason for Hill's to contend that this court made a manifest error of law in failing to award it the amount of interest it now claims it is due on the account debt. While the court may have erred in failing to acknowledge *sua sponte* the possibility of Hill's entitlement to prejudgment interest, the court notes that there was

no evidence in the summary judgment record to establish the specific date on which the stipulated amount of the contract debt became due and payable. Therefore, in the absence of a request for prejudgment interest running from a particular date, the court could properly conclude that the claim was unliquidated as defined by Kansas law.

Nevertheless, this court is bound by the Tenth Circuit's interpretation of Kansas law, which apparently compels the court to alter the judgment to include prejudgment interest upon request when the court concludes that the claim was in fact a liquidated claim.

*Spill by "Amoco Cadiz"*, 794 F.Supp. 261, 267 (N.D.Ill.1992) (motions for reconsideration cannot be used to present evidence that could have been adduced during the pendency of the original motion); *Van Skiver v. United States,* 751 F.Supp. 1522, 1523 (D.Kan.1990) (inappropriate for movant to advance new supporting facts that were available when original summary judgment motion was briefed), *aff'd,* 952 F.2d 1241 (10th Cir.1991), *cert. denied,* ——— U.S. ———, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).

■ The amount originally sought by Hill's in its counterclaim for goods sold to All West was $520,436.80. In its answer, filed May 26, 1992, All West denied that it owed this amount, stating instead that it currently owed a total of $516,517.09 for pet food products sold and delivered on open account, subject only to offset for the other damages claimed by the plaintiff against Hill's on its separate claims. This court later determined as a matter of law that All West was not entitled to offset any other claimed damages against the stipulated account balance. Although the date the balance was due may have been readily ascertainable to the parties at some earlier date,[2] the evidence in the record at the time the court ruled on Hill's summary judgment motion does not support such a conclusion. The court concludes that the amount due Hill's became certain on May 26, 1992, the date All West filed its answer to Hill's counterclaim admitting that it owed Hill's $516,517.09.

Having determined that the claim was liquidated, the court concludes that Hill's is due prejudgment interest from May 26, 1992, to December 29, 1993, the date of judgment.

■ An issue remains with regard to the appropriate interest rate to apply in calculating prejudgment interest. Hill's argues that the appropriate rate is 18 percent, relying upon a letter it sent to All West dated June 17, 1991, which it contends modified the contract rate of interest. All West challenges the letter as inadequate evidence that the contract interest rate was 18 percent. All West contends that if prejudgment interest is to be awarded, it should be calculated using the statutory rate of 10 percent.

Under the terms of the distributorship contract, Hill's was authorized to permit All West to pay for its products on open account, "in accordance with Hill's payment terms in effect at the time of order as reflected in Hill's invoices." Hill's has not submitted invoices to this court, or for that matter any other evidence of the standard "payment terms" for open accounts prior to June 17, 1991. The letter upon which Hill's relies notified All West of a change in the credit terms, but that letter was signed only by Hill's. Without evidence of the original contract payment terms, the court is unable to determine whether the letter was legally sufficient to modify those terms. Although Michael Bernstone at trial acknowledged having received the letter, that does not mean that he was contractually bound by the terms of the letter.

As the party seeking an award of prejudgment interest, Hill's has the burden of establishing its entitlement to the claimed amount to the satisfaction of this court. While the court concludes that an award of prejudgment interest is in order, it is not persuaded by Hill's that the contract rate of interest was 18 percent. Instead, the court will award prejudgment interest at the statutory rate of 10 percent from and after May 26, 1992 to the date of judgment, December 29, 1993.

**IT IS BY THE COURT THEREFORE ORDERED** that the motion of the counterclaim plaintiff, Hill's Pet Products Division, to alter or amend judgment to include an award of prejudgment interest (Doc. 155) is hereby granted in part and denied in part.

**IT IS FURTHER ORDERED** that Hill's Pet Products Division is hereby ordered to prepare and submit to the court, on or before **February 28, 1994,** a journal entry to enable the court to enter judgment for the appropriate dollar amount, consistent with this memorandum and order.

---

**2.** Hill's claims prejudgment interest from and after April 30, 1992, even though some portions of the net balance were allegedly due and payable prior to that date.