Kathy D. GRIDER, et al., Plaintiffs,

v.

POSITIVE SAFETY MANUFACTURING COMPANY, Defendant.

No. 94–2220–KHV.

United States District Court,
D. Kansas.

July 31, 1995.

Julianne H. Carter, Jolley, Walsh & Hager, P.C., John J. Hager, Kansas City, MO, for Kathy D. Grider.

George E. Wolf, Shook, Hardy & Bacon, Kansas City, MO, Michael B. Buser, Shook, Hardy & Bacon, Overland Park, KS, A.T. Elder, Jr., Stewart & Elder, P.C., Oklahoma City, OK, for defendant.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

This product liability action comes before the Court on *Plaintiffs [sic] Motion to Amend Judgment* (Doc. # 53) filed May 15, 1995. On May 3, 1995, the Court sustained defendant Positive Safety Manufacturing Company's ("Positive Safety") summary judgment motion, finding that plaintiff Kathy D. Grider did not present sufficient evidence to overcome the ten-year useful safe life presumption imposed by the Kansas Product Liability Act ("KPLA") statute of repose, K.S.A. § 60–3303(b)(1). Plaintiff contends that the Court misconstrued the evidence and erroneously relied on *Baumann v. Excel Ind., Inc.,* 17 Kan.App.2d 807, 845 P.2d 65, 70 (1993), which has facts distinguishable from this case.

A Rule 59(e) motion to alter or amend judgment is essentially a motion for reconsideration. *Henry v. Office of Thrift Supervision,* No. 92–4272, 1993 WL 545195,

*1 (D.Kan.1993), *aff'd,* 43 F.3d 507 (10th Cir. 1994); *Hilst v. Bowen,* 874 F.2d 725, 726 (10th Cir.1989). Reconsideration is proper when there has been a manifest error of law or fact, when new evidence has been discovered, or when there has been a change in the relevant law. *All West Pet Supply Co. v. Hill's Pet Products Div., Colgate–Palmolive Co.,* 847 F.Supp. 858, 860 (D.Kan.1994). A party cannot invoke Rule 59(e) to raise arguments or evidence that should have been raised in the first instance or to re-hash arguments previously considered and rejected by the court. *See id.*

■■■ Whether to grant or deny a motion to reconsider is committed to the Court's sound discretion. *Henry,* 1993 WL 545195, at *1; *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988). In support of her argument that she has presented evidence sufficient to overcome the statutory presumption of K.S.A. § 60–3303(b)(1), plaintiff asserts the facts asserted in her original response to defendant's motion. The Court's *Memorandum and Order* (Doc. # 49) filed May 3, 1995, demonstrates that the Court adequately considered those facts in sustaining defendant's motion. Thus, plaintiff's argument regarding sufficiency of the evidence merely rehashes facts previously considered and rejected by the Court and is improper subject-matter for a motion to reconsider. Likewise, plaintiff has not established that the Court's reliance on *Baumann* constitutes a manifest error of law. That the facts of *Baumann* are distinguishable from the facts of this case does not prevent the Court from applying the principles articulated in *Baumann* to plaintiff's arguments in this case.

**IT IS THEREFORE ORDERED** that the *Plaintiffs [sic] Motion to Amend Judgment* (Doc. # 53) filed May 15, 1995, should be and hereby is overruled.