**T.Y., a minor, by her next friend, Lynette PETTY, B.A., a minor, by his next friend, P.C., D.S., a minor by his next friends, A.M. and Lynette Petty, on behalf of themselves and all others similarly situated, Plaintiffs,**

**v.**

**BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF SHAWNEE: Donald J. Cooper, Chairman, Victor W. Miller, Vice–Chairman, Winifred Kingman, member of the Shawnee County Commission, in their official capacities; Earl Hindman, Director of the Shawnee County Department of Corrections, in his official capacity; Gary Bayens, Administrator of Shawnee County Youth Center, in his official capacity, Defendants & Third–Party Plaintiffs,**

**v.**

**STATE OF KANSAS, DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES, and Donna L. Whiteman, the Secretary of Social and Rehabilitation Services, in her official capacity; Board of Education–Unified School District 501, Shawnee County, Kansas, Third–Party Defendants.**

Civil Action No. 94–4079–DES.

United States District Court,
D.Kansas.

May 7, 1996.

Larry R. Rute, Kansas Legal Services, Inc., Topeka, KS, Claudia J. York, Shughart, Thomson & Kilroy, Kansas City, MO, Charles J. Hyland, Sprint Communications Company L.P., Law Department, Kansas City, MO, Judith A. Jones, Hiawatha, KS, for Lynette Petty, PC, AM, Lynette Petty.

Mark L. Bennett, Jr., Ann L. Hoover, Bennett & Dillon, Topeka, KS, Susana L. Valdovinos, Office of County Counselor, Topeka, KS, Sandra L. Jacquot, Office of the County Counselor, Shawnee County, Kansas, Topeka, KS, for County of Shawnee, Kansas, Donald J. Cooper, Victor W. Miller, Winifred Kingman, Earl Hindman, Gary (NMI) Bayens.

Michael George, Kenneth R. Smith, Kansas Department of SRS, Topeka, KS, for Kansas Department of Social and Rehabilitation Services, Donna L. Whiteman.

John D. Ensley, Arthur E. Palmer, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for Unified School District 501, Topeka, Shawnee County, Kansas.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the plaintiffs' (Doc. 157) and defendants' (Doc. 159) motions to reconsider the court's order of December 29, 1995, pursuant to Fed. R.Civ.P. 59(e) and D.Kan. Rule 7.3.

### I. BACKGROUND

The plaintiffs filed this action on May 19, 1994, as a class action pursuant to 42 U.S.C. § 1983. The plaintiffs filed an amended complaint on June 3, 1994. The plaintiffs' suit challenged the conditions of confinement at the Shawnee County Youth Center ("SCYC"), and certain policies and practices employed in the administration of SCYC. On June 23, 1994, the plaintiffs filed a motion for a preliminary injunction to restrain the defendants from employing certain practices and procedures at SCYC pending final resolution of this action.

On July 5, 1994, the defendants filed an answer to the plaintiffs' complaint. The de-

fendants also filed on that date their complaint against the third-party defendants. The defendants submitted that they were not liable to the plaintiffs, but that in the alternative, judgment should be entered against the third-party defendants in an amount equal to the defendants' liability.

On August 2, 1994, the court approved a Joint Stipulation of Partial Settlement of Motion for Preliminary Injunction executed by the plaintiffs and defendants. In the stipulation, the defendants agreed to amend certain policies and practices to the extent they did not conform to Kansas Administrative Regulations. On November 21, 1994, the court approved a second Joint Stipulation of Partial Settlement, executed by the plaintiffs, the defendants, the Kansas Department of Social and Rehabilitation Services, and Donna Whiteman, Secretary of Social and Rehabilitation Services ("SRS"), which addressed the issue of overcrowding at SCYC. Finally, on July 28, 1995, the court approved a Settlement Agreement and Consent Decree executed by all parties. This third agreement settled all remaining issues in the case as to conditions, policies, and practices at SCYC.

On September 26, 1995, the plaintiffs filed a motion pursuant to 42 U.S.C. § 1988(b) for attorney's fees and costs in the amount of $210,976.26. On December 29, 1995, the court granted the plaintiffs' motion as modified, and awarded the plaintiffs $138,256.48.

## II. *DISCUSSION*

"A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." D.Kan.Rule 7.3. A motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) is essentially a motion for reconsideration. *Autorama Corp. v. Stewart,* 802 F.2d 1284, 1286 (10th Cir.1986). Whether to grant a motion for reconsideration is committed to the court's sound discretion. *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988).

### A. *Plaintiffs' Motion to Reconsider*

In our December 29, 1995, Memorandum and Order, we concluded that third-party defendants SRS and Board of Education–Unified School District 501 ("501") were partially responsible for the relief obtained by the plaintiffs in regard to the important issues of overcrowding and education. We therefore reduced the award of attorney's fees against the defendants by twenty percent to represent that portion of the plaintiffs' fees attributable to the third-party defendants. Because the plaintiffs had not asserted a claim against the third-party defendants, however, the court could not assess fees against SRS or 501. *See Beard v. Teska,* 31 F.3d 942, 951 (10th Cir.1994) (a plaintiff cannot recover fees from "an entity against which plaintiff did not even attempt to prevail").

The plaintiffs agree with the court that they are not entitled to recover fees from SRS and 501. The plaintiffs ask the court to reconsider, however, its twenty percent reduction in the fee award. According to the plaintiffs, the court's ruling is not supported by the facts and is manifestly unjust.

In our December 29, 1995, order, we noted that Sections I and XIX of the July 29, 1995, Settlement Agreement and Consent Decree imposed requirements on SRS and 501. Section I addresses overcrowding at SCYC, the single greatest issue in this litigation, while Section XIX addresses education. We cited *Durett v. Cohen,* 790 F.2d 360, 363 (3d Cir. 1986), and *Williamsburg Fair Hous. Comm. v. Ross–Rodney Hous. Corp.,* 599 F.Supp. 509, 513–14 (S.D.N.Y.1984), for the proposition that a district court has the discretion to reduce a fee award against a defendant where the plaintiff has obtained relief from a non-party or third-party defendant. We examined Sections I and XIX of the Settlement Agreement and determined that the extent of the plaintiffs' relief which was to be provided by SRS and 501 justified a twenty percent reduction in the fee award against the defendants.

The plaintiffs maintain, however, that they have obtained no relief from SRS in any meaningful way, and that the Settlement Agreement provisions in regard to SRS confer no direct benefit on them. According to the plaintiffs, their main goal was to limit the

population at SCYC—how this goal was achieved was of little consequence.

The method by which the parties chose to achieve this goal, however, involved SRS. Section I of the Settlement Agreement provides that SRS will either remove juvenile offenders from SCYC in a timely manner so as to allow the facility to operate within prescribed population limits, or increase its per diem compensation to SCYC. Section I also establishes the Shawnee County Juvenile Facility Population Control Task Force to monitor the resident population at SCYC. The Settlement Agreement provides that either the Secretary of SRS or her designee shall serve on this Task Force. While the plaintiffs assert that they were not concerned with the mechanics of how to maintain the SCYC population at the desired level, they signed an agreement which imposed substantial responsibility on SRS for controlling the population. The plaintiffs' argument that they have not obtained meaningful relief from SRS is therefore untenable.

■ The decision of whether to award attorney's fees under 42 U.S.C. § 1988, as well as the determination of a reasonable amount of fees, is a matter within the sound discretion of the trial court. *United States v. State of Wash.*, 935 F.2d 1059, 1061 (9th Cir.1991). The plaintiffs do not cite any case law which would prohibit the court from reducing a fee award where a portion of the plaintiff's relief has come from parties other than the defendants. Because the plaintiffs have failed to show that the court's order of December 29, 1995, is the result of clear error or is manifestly unjust, the court denies the plaintiffs' motion to reconsider.

### B. *Defendants' Motion to Reconsider*

■ The defendants first contend that the amount of fees awarded to the plaintiffs should be reduced to reflect duplicate time entries, travel and clerical time, and excessive time spent in researching and familiarizing themselves with the case. The defendants cite specific examples from counsel's time records in support of their argument.

■ The billing information to which the defendants now direct the court's attention was available to the defendants at the time they filed their response to the plaintiffs' motion for attorney's fees. In their response, the defendants identified only three time entries which they claimed represented excessive time expenditures, and failed to specify which time entries they believed represented noncompensable tasks. A motion to reconsider cannot be used to present evidence that could have been adduced during the pendency of the original motion. *All West Pet Supply Co. v. Hill's Pet Prods.*, 847 F.Supp. 858, 860 (D.Kan.1994). "A party's failure to present his strongest case in the first instance does not entitle him to a second chance in the form of a motion to amend." *Torre v. Federated Mut. Ins. Co.*, 906 F.Supp. 616, 618 (D.Kan.1995). The court therefore declines to now examine time entries to which the defendants could have objected before.

The defendants also argue that the court should lower the hourly rate awarded, and reduce the total fee award by a percentage greater than the twenty percent reduction already applied. The court previously addressed and rejected the defendants' arguments on these issues, and shall not revisit these arguments upon the defendant's motion to reconsider. *See All West Pet Supply,* 847 F.Supp. at 860 (a motion to reconsider or to alter or amend may not be used to rehash arguments previously considered and rejected). The defendants have failed to show that the court committed manifest error in setting the amount of the plaintiffs' fee award, and their motion to reconsider must thus be denied.

**IT IS BY THE COURT THEREFORE ORDERED** that the plaintiffs' motion to reconsider (Doc. 157) is denied.

**IT IS FURTHER ORDERED** that the defendants' motion to reconsider (Doc. 159) is denied.