**John Clark SCHARTZ, Plaintiff,**

v.

**UNIFIED SCHOOL DISTRICT NO. 512, and Blanche Banks, Defendants.**

**Civil Action No. 95–2491–EEO.**

United States District Court,
D. Kansas.

April 28, 1997.

Kurt D. Tilton, Brian L. Smith, Smith & Tilton, P.C., Kansas City, MO, for John Clark Schartz.

Patricia A. Bennett, Andrew F. Sears, Bennett, Lytle, Wetzler, Martin & Pishny, L.C., Prairie Village, KS, for Blanche Banks and Unified School District No. 512.

### MEMORANDUM AND ORDER

EARL E. O'CONNOR, Senior District Judge.

This matter is before the court on plaintiff's motion to alter or amend judgment (Doc. # 98) and plaintiff's motion for oral argument (Doc. # 100), As an initial matter, plaintiffs' motion for oral argument will be denied because the court has determined that oral argument will not be of material assistance in resolving the motion. For the reasons set forth below, plaintiff's motion to alter or amend judgment is granted in part.

The factual background of this matter is set forth in the court's order of January 16, 1997. In that order, the court granted summary judgment in favor of defendants on counts I, III, IV, V, and VI and dismissed count II without prejudice. Plaintiff requests that the court alter or amend its order with respect to counts I and VI of plaintiff's amended complaint. In counts I and VI, plaintiff alleges that the Shawnee Mission School District, Unified School District No. 512 (the "District" or "defendant") discriminated against him, on the basis of his age, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et seq., and the Kansas Age Discrimination in Employment Act ("KADEA"), K.S.A. § 44–1110, et seq. Ms. Banks is not a defendant to plaintiff's age discrimination claims.

### Standards For Motion To Alter Or Amend Judgment

Courts generally apply the same legal standards for motions to alter or amend a judgment and motions for reconsideration. *See, e.g., Resolution Trust Corp. v. Greif,* 906 F.Supp. 1446, 1456 (D.Kan.1995); *Brinkman v. State of Kan., Dep't of Corrections,* 869 F.Supp. 902 (D.Kan.1994). Reconsideration is proper when the court has made a manifest error of fact or law, when new evidence has been discovered, or when there has been a change in the relevant law. *See Greif,* 906 F.Supp. at 1456 (citing *All West Pet Supply Co. v. Hill's Pet Prods. Div. Colgate–Palmolive, Co.,* 847 F.Supp. 858, 860 (D.Kan.), *modified,* 842 F.Supp. 1376 (D.Kan.1994)).

### Analysis

Plaintiff seeks reconsideration of this court's previous ruling granting summary judgment in favor of defendant on plaintiff's age discrimination claims. Plaintiff argues that (1) the court's ruling is contradictory because the court found that plaintiff could establish a prima facie case but that he failed to produce sufficient evidence to show that defendant's reason for plaintiff's termination was pretextual and (2) the court applied an overly stringent standard in analyzing plaintiff's statistical evidence of an alleged pattern of age· discrimination at Shawnee Mission North High School in light of Magistrate Judge Rushfelt's previous discovery rulings.

## I. Plaintiff's Evidence of Satisfactory Job Performance.

Plaintiff maintains that the issue of pretext generally is a question for the jury. Many courts have decided the issue of pretext as a matter of law. *See, e.g., Rea v. Martin Marietta Corp.*, 29 F.3d 1450 (10th Cir.1994). Although the court recognizes that in some cases the same evidence used to establish a prima facie case also may be sufficient to create a jury question on the issue of pretext, this is not such a case. *See, e.g., Kehoe v. Anheuser–Busch, Inc.*, 995 F.2d 117, 120 (8th Cir.1993).

■ Plaintiff's burden of production for establishing a prima facie case is distinct from plaintiff's burden to establish that defendant's proffered reason for plaintiff's termination is pretextual for age discrimination. The Tenth Circuit has held that a plaintiff must make only a minimal showing to meet his prima facie burden that his performance was satisfactory. *See Denison v. Swaco Geolograph Co.*, 941 F.2d 1416, 1420–21 (10th Cir.1991) (employer can raise performance issues in rebuttal of plaintiff's prima facie case) (citing *La Montagne v. American Convenience Prods., Inc.*, 750 F.2d 1405, 1413–14 (7th Cir.1984)). After reviewing many decisions from other circuit courts, the Tenth Circuit has held that "a plaintiff may make out a prima facie case of discrimination in a discharge case by credible evidence that she continued to possess the objective qualifications she held when she was hired, or by her own testimony that her work was satisfactory, even when disputed by her employer, or by evidence that she had held her position for a significant period of time." *MacDonald v. Eastern Wyoming Mental Health Center*, 941 F.2d 1115, 1121 (10th Cir.1991) (citations omitted). The Tenth Circuit therefore cautions courts not to consider an employer's evidence or explanation of a plaintiff's unsatisfactory job performance in analyzing whether plaintiff has met his prima facie burden. *See Reynolds v. School Dist. No. 1. Denver, Colo.*, 69 F.3d 1523, 1535 (10th Cir. 1995) (the MacDonald case "instructs us to address an employer's explanations for its actions in subsequent stages of the *McDonnell Douglas* inquiry and allow employees to clear the prima facie hurdle without countering those explanations"); *Kenworthy v. Conoco, Inc.*, 979 F.2d 1462, 1470 (10th Cir. 1992) (finding that the *MacDonald* case establishes that "the employer's reasons for the adverse action are not 'appropriately brought as a challenge to the sufficiency of [the plaintiff's] prima facie case'") (quoting MacDonald, 941 F.2d at 1120 (internal quotations omitted)).

In *La Montagne*, the Seventh Circuit explained the difference between plaintiff's prima facie burden and burden to show that defendant's offered reason is pretextual as follows:

> La Montagne offers as evidence of pretext all the evidence of satisfactory job performance canvassed above, presumably in order to show again that his job performance was satisfactory. But to show pretext, it does not help for La Montagne to repeat the proof that his job performance was generally satisfactory. That question has already been resolved in his favor. The Company advanced specific reasons for his discharge, and his rebuttal evidence should be focused on them.

750 F.2d at 1414.

This court applied the above principles and held that (1) plaintiff met his prima facie burden of establishing satisfactory work performance and (2) plaintiff failed to produce sufficient evidence for a jury to conclude that defendant's offered reason for plaintiff's termination was pretextual for age discrimination. *See* Jan. 16, 1997, Mem. & Order at 14–20. Plaintiff's evidence simply did not cast doubt on the District's explanation that it was concerned about the student complaints that had been made regarding plaintiff. The court finds nothing contradictory in its two previous rulings.

## II. Statistical Evidence Of A Pattern Of Discrimination.

Plaintiff contends that the court applied an overly stringent standard in analyzing plaintiff's statistical evidence. The court believes that it appropriately stated the standard for analyzing whether a pattern exists sufficient for a jury to infer that a defendant intentionally discriminated against a plaintiff because of age. The court previously noted the ma-

jor deficiencies in plaintiff's statistical evidence.

Plaintiff argues that it filed a motion to compel the type of information the court noted was absent in support of plaintiff's summary judgment opposition. Magistrate Judge Rushfelt refused to compel defendant to produce much of the information plaintiff requested. *See* Dec. 19, 1996, Mem. & Order. Plaintiff chose not to file a motion for reconsideration of the magistrate judge's order. Plaintiff also chose not to file a motion to review the magistrate judge's order pursuant to Rule 72 of the Federal Rules of Civil Procedure and Local Rule 72.1.4(a). Plaintiff simply waited until he lost on defendant's motion for summary judgment before raising the issue. Plaintiff will not be heard at this late date regarding his new-founded objections to the magistrate judge's order. *See* Fed.R.Civ.P. 72(a) ("Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.").

On December 19, 1996, Magistrate Judge Rushfelt did compel the District and Ms. Banks to answer one interrogatory that could give plaintiff additional information in support of an alleged pattern of conduct against older teachers at Shawnee Mission North High School. Plaintiff, however, made no attempt (either before or after the magistrate judge's ruling) to follow the procedure set forth in Rule 56(f) of the Federal Rules of Civil Procedure for requesting the court to postpone ruling on defendant's pending summary judgment motion. Plaintiff chose to file his opposition on November 25, 1996, with the information he had available despite his pending motion to compel. Plaintiff failed to notify the court that additional discovery was necessary for plaintiff to oppose defendant's summary judgment motion. In fact, plaintiff apparently agreed to allow defendant an extension until January 13, 1997, to answer the interrogatory. Notwithstanding these fundamental deficiencies, the court in the interest of justice will allow plaintiff, the non-movant, to pursue discovery based on defendants' answer to the interrogatory. Plaintiff shall have until June 30, 1997, to complete discovery related to the compelled answer produced by defendant. Plaintiff shall file any supplemental opposition to defendant's motion for summary judgment based on the additional information discovered by the compelled answer on or before July 14, 1997. Defendant shall file any reply on or before July 31, 1997. The court will reconsider its ruling on counts I and VI of plaintiff's Amended Complaint after it has received the parties' supplemental briefing.

Plaintiff is cautioned that the court also may reconsider, if necessary, defendant's motion to strike the exhibits submitted in support of plaintiff's opposition to defendant's motion for summary judgment. Plaintiff's exhibits include a number of "affidavits" that are unsworn, and not notarized or otherwise made under penalty of perjury. The form of affidavits is set forth in Rule 56(e) of the Federal Rules of Civil Procedure. A critical element of an affidavit is that it is sworn to or affirmed before an official who also notarizes the document. Plaintiff's attachments do not constitute appropriate affidavits or declarations. If plaintiff chooses to submit unsworn declarations in lieu of affidavits, plaintiff's counsel should review 28 U.S.C. § 1746 which sets forth the form for such declarations. Finally, counsel should review local rule 56.1 which requires that "[a]ll facts on which a motion or opposition is based shall be presented by affidavit, declaration under penalty of perjury, and/or relevant portions of pleadings, depositions, answers to interrogatories and responses to requests for admissions." There is no provision in the Federal Rules of Civil Procedure or the Local Rules for the District of Kansas for simply attaching a document as an exhibit with no supporting affidavit, deposition testimony, or other relevant evidence authenticating the document. Despite plaintiff's failure to submit his exhibits in proper form in the first place, the court will grant plaintiff, the non-movant, leave to re-submit the same exhibits to his memorandum in opposition to defendant's motion for summary judgment in the proper form. Plaintiff shall file such exhibits on or before July 31, 1997.

IT IS THEREFORE ORDERED that plaintiff's motion for oral argument (Doc. # 100) is denied.

IT IS FURTHER ORDERED that plaintiff's motion to alter or amend judgment (Doc. # 98) is granted in part as discussed above.