**Virgil JEAN, Plaintiff,**

v.

**William F. DUGAN, et al., Defendants.**

**No. 2:96–CV–61–RL–1.**

United States District Court,
N.D. Indiana,
Hammond Division.

Nov. 19, 1998.

**940**

J. Charles Sheerin, Michigan City, IN, for Plaintiff.

Dale D. Pierson, Pasquale A. Fioretto, Louis E. Sigman, Baum & Sigman Ltd., Chicago, IL, Joseph O'Connor, O'Connor and Wiegle, Hammond, IN, for Defendant.

### ORDER

LOZANO, District Judge.

This matter is before the Court on several motions and matters. The rulings on them are set forth at the end of this order.

The Court recently dismissed this case because Plaintiff's counsel, J. Charles Sheerin, failed to supply discovery as ordered by the magistrate judge. Thereafter, Sheerin filed two post-judgment motions. The Court issued an order giving Sheerin fifteen days to show cause why he should not be sanctioned $3,000 under Federal Rule of Civil Procedure 11(b)(1) & (2), such sanctions payable to the Court under Rule 11(c)(2). Sheerin has filed a motion for an extension of time to file his response to this show cause order. As explained below, that motion and the post-judgment motions are denied, Sheerin is sanctioned, and necessary steps are taken to halt the barrage of frivolous litigation Sheerin and Plaintiff, Virgil Jean, have visited upon this Court.

The present case is the third one that Sheerin has brought in this Court on behalf of Jean and against essentially the same Defendants. Jean lost the first case, and the Seventh Circuit affirmed. *Jean v. Dugan*, 814 F.Supp. 1401 (N.D.Ind.1993), *aff'd*, 20 F.3d 255 (7th Cir.1994). Due to the performance of Sheerin, the second case, No. 2:94–CV–273, was dismissed for failure to prosecute and Sheerin was sanctioned roughly $7,000. Sheerin stalled paying even a dime of the sanctions through frivolous motions and other tactics for about two years, finally working the matter out with his opponents after they moved to have him banned from practicing in the Northern District of Indiana. With dismissal of the second case on the horizon, Sheerin and Jean filed the present, third case. Previously, Sheerin was sanctioned $500 under Rule 11 in this case.

■ Overall, throughout at least the second and third cases, Sheerin has compiled a record of litigation by delay, distraction, personal attacks, obfuscation, and obstinance. This performance is documented in the orders of 1/5/96, 1/24/96, 1/25/96, 4/9/96, 6/11/96, and 1/12/98, filed in No. 2:94–CV–273, and in the orders of 6/2/97, 6/27/97, 10/1/97, 11/12/97, 1/5/98, and 10/2/98 filed in the present case. These orders are incorporated by reference in today's order. Jean has no doubt become actually or constructively aware of the caliber of Sheerin's performance through these orders. The Court can only conclude that Jean and Sheerin do not sue to win, but to harass their opponents.

■ The courthouse door is generally open to all. This principle, however, is stretched to its limits by those who conduct an ongoing campaign of frivolous litigation. *See Sloan v. Commissioner of Internal Revenue*, 53 F.3d 799, 800 (7th Cir.1995). These litigants waste the resources of the courts, of defendants, and, ultimately, of society. *See Martin v. District of Columbia Court of Appeals*, 506 U.S. 1, 3, 113 S.Ct. 397, 121 L.Ed.2d 305 (1992) (observing that every frivolous paper filed causes some drain on the court's limited resources); *Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir.1995) (noting that litigants who repeatedly file frivolous papers clog court proceedings

and burden judges and their staffs to "the detriment of litigants having meritorious cases"); *Sassower v. American Bar Assoc.,* 33 F.3d 733, 736 (7th Cir.1994) (suggesting that both defendants and the judicial system are "entitled to protection from" stubbornly frivolous litigants).

 Courts have devised various methods of dealing with such litigants. For example, a litigant might be prohibited from filing any paper until the court has reviewed it for frivolousness. *Mack,* 45 F.3d at 186. While this approach protects party opponents, it may do little to ease the burden that frivolous filings place on the judiciary, as a judge still must review each paper filed. *Id.; Sassower,* 33 F.3d at 736. Other possible routes include: (1) sanctioning the offender and, if that does not deter him or her, barring any future filings (except in criminal or habeas proceedings) until the offender pays, *Sloan,* 53 F.3d at 800; *Mack,* 45 F.3d at 186; (2) treating all of the offender's filings as presumptively frivolous and not requiring any response from the party opponent unless the court orders a response, *Sassower,* 33 F.3d at 736; and (3) requiring the offender to post a bond to cover potential court costs and sanctions, *id.* These measures are essentially designed to prevent frivolous litigants from holding courts and opponents hostage through abuse of the judicial system, and variations on these measures that serve this core objective are certainly conceivable.

 Turning to the matter specifically at hand, the Court gave Sheerin fifteen days to file his response to the show cause order. On the fifteenth day, Sheerin filed his motion for an extension of time. The only reason for needing an extension that Sheerin offers is the demands of his being a sole practitioner. Due to the previous record in this case and number 2:94–CV–273, that reason is insufficient.

 With one exception, the points raised in the post-judgment motions have no discernable legal or factual relationship to the reason why this case was dismissed, i.e., Sheerin's failure to follow the magistrate judge's discovery orders. These points can only have been presented to harass and have no basis in law, and thus violate Federal Rule of Civil Procedure 11(b)(1) & (2).

 The one exception is Sheerin's allegation that defense counsel misrepresented to the magistrate judge that counsel had participated in a good faith discovery conference in accordance with Federal Rule of Civil Procedure 26(f). In an order on July 8, 1998, the magistrate judge rejected this same allegation when Sheerin raised it in response to the Defendants' motion to compel discovery, which the magistrate judge granted. Sheerin never filed a timely objection under Federal Rule of Civil Procedure 72(a) asking this Court to review the magistrate judge's ruling on the motion to compel. Instead, after he failed to comply with the magistrate's ruling and caused this Court to dismiss the case, Sheerin filed his present motion under Federal Rule of Civil Procedure 60(b)(3) & (6) raising the discovery conference issue. Nothing in that motion suggests that Sheerin was previously unaware of the basis for the argument regarding the discovery conference; everything suggests that Sheerin knew of the basis in time to file a timely motion under Rule 72(a). Sheerin's Rule 60(b)(3) & (6) argument regarding the discovery conference amounts to an untimely motion under Rule 72(a), and as such must be denied. *Schartz v. Unified School Dist. No. 512,* 963 F.Supp. 1067, 1070 (D.Kan.1997); *see Sunview Condominium Assoc. v. Flexel Int'l, Ltd.,* 116 F.3d 962, 964 (1st Cir.1997) (holding that a party who does not object in the district court to a magistrate judge's ruling may not obtain appellate review of the ruling). This argument could only have been raised to harass and lacks a basis in law, and thus violates Rule 11(b)(1) & (2). Even if the argument did not violate Rule 11, the Court would still assess the same sanction against Sheerin because of the shortcomings of the remainder of his post-judgment motions and because of his conduct to date.

Based on the foregoing circumstances, the Court ORDERS as follows:

1. The Motion for Relief From Judgment Pursuant to Rule 60, filed by Plaintiff on October 19, 1998, the Motion for Additional and Amended Findings and to Amend Judgment, filed by Plaintiff on October 19, 1998, and the Motion to Enlarge Time to Respond to Order to Show Cause, filed by

Attorney J. Charles Sheerin on November 12, 1998, are **DENIED.**

2. Attorney J. Charles Sheerin is sanctioned $3,000 under Federal Rule of Civil Procedure 11(b)(1) & (2). This sanction is payable to the Court under Federal Rule of Civil Procedure 11(c)(2).

3. Except for papers necessary to taking an appeal, Attorney J. Charles Sheerin is prohibited from filing any paper on behalf of Virgil Jean in any civil case, except a collateral attack on a criminal conviction, in the United States District Court for the Northern District of Indiana ("the district") until the $3,000 sanction is paid. This prohibition applies to cases originally filed in the district and any case that is removed to the district.

4. After the $3,000 sanction is paid, Attorney J. Charles Sheerin is prohibited from filing a complaint in a civil case on behalf of Virgil Jean in the district without simultaneously posting a bond of $5,000 to cover possible sanctions.

5. The phrase "on behalf of Virgil Jean" includes both papers filed expressly in the name of Virgil Jean and papers that, while not expressly in his name, are in fact filed at his request or for his benefit.

6. If Attorney J. Charles Sheerin chooses to challenge the sanction against him with the aid of his own counsel in this Court, along with any such challenge filed counsel for Attorney J. Charles Sheerin must include a statement certifying that counsel has read today's order plus the orders incorporated by reference in today's order.