51 F.3d 287
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dominic EVANS, Defendant-Appellant.
 No. 94-5139.
 United States Court of Appeals, Tenth Circuit.
 March 31, 1995.
 
 1
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Defendant Dominic Evans, appearing pro se, appeals the district court's denial of his motion to vacate or amend sentence pursuant to 28 U.S.C. 2255. He argues that (1) the district court erred in not granting him an evidentiary hearing; (2) the district court erred in not addressing the amount of drugs that were reasonably foreseeable to him; and (3) the district court erred in not allowing for the appointment of counsel, the use of discovery, and an expansion of the record. We have jurisdiction over this appeal under 28 U.S.C. 1291, and we affirm.
 
 
 4
 Defendant's argument that the district court erred in not addressing the amount of drugs reasonably foreseeable to him is without merit. The quantity of drugs foreseeable to him was considered and decided in his direct criminal appeal. See United States v. Evans, 970 F.2d 663, 676 (10th Cir.1992), cert. denied, 113 S.Ct. 1288 (1993). The district court correctly concluded that defendant may not again raise this issue in a 2255 motion. See United States v. Warner, 23 F.3d 287, 291 (10th Cir.1994); United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989)(when issue raised in motion to vacate was fairly encompassed in direct appeal and there is no intervening change of law in the circuit, the issue disposed of on direct appeal generally will not be considered in the 2255 proceeding).
 
 
 5
 Because defendant is not entitled to 2255 relief, the district court did not err in failing to hold an evidentiary hearing. See generally Machibroda v. United States, 368 U.S. 487, 494, 494-95 (1962)(no error in failing to hold evidentiary hearing when issue raised in 2255 motion could be conclusively determined by motion itself); United States v. Whalen, 976 F.2d 1346, 1348 (10th Cir.1992)(two-step inquiry entailed in 2255 action: "(1) whether the defendant is entitled to relief if his allegations are proved; and (2) whether the district court abused its discretion by refusing to grant an evidentiary hearing").
 
 
 6
 Likewise, the district court did not err by failing to appoint counsel, permit discovery, or expand the record. There is no constitutional right to appointment of counsel in a 2255 proceeding and no statutory right, under Rule 8(c) governing 2255 proceedings, when relief is denied without an evidentiary hearing. See United States v. Vasquez, 7 F.3d 81, 83 (5th Cir.1993). Also, the district court did not abuse its discretion in not appointing counsel under 18 U.S.C. 3006A. See Oliver v. United States, 961 F.2d 1339, 1343 (7th Cir.), cert. denied, 113 S.Ct. 469 (1992).
 
 
 7
 Additionally, because defendant did not request leave for discovery pursuant to Rule 6 governing 2255 proceedings, the district court could not err in not granting discovery. Expansion of the record is not permitted when the 2255 motion is dismissed summarily, Rule 7(a) governing 2255 proceedings; thus, the district court did not err in not expanding the record.
 
 
 8
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation