**UNITED STATES of America, Plaintiff,**

v.

**John J. PAPPERT, Defendant.**

**No. CRIM.A.94–20016–01–KHV.**

United States District Court, D. Kansas.

Aug. 25, 1999.

---

Samuel R. Martillotta, Jeffrey M. Embleton, Thomas B. Bralliar, Jr., Mansour, Gavin, Gerlack & Manos, Cleveland, OH, Kenneth F. Crockett, Topeka, KS, for Defendant.

Tanya J. Treadway, Office of United States Attorney, Topeka, KS, for U.S.

### *MEMORANDUM AND ORDER*

VRATIL, District Judge.

On April 6, 1999, the Court denied defendant's *Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody* (Doc. # 116) filed April 27, 1998. *See Memorandum And Order* (Doc. # 140). This matter comes before the Court on the *Motion of Defendant* (Doc. # 141) filed April 14, 1999 to alter or amend that judgment.[1] Also before the Court is defendant's *Motion For Evidentiary Hearing And For Appointment Of Counsel* (Doc. # 142) filed May 14, 1999. For the reasons stated below, defendant's motions are overruled.

### Rule 59(e) Standards

A Rule 59(e) motion to alter or amend judgment is appropriate when the Court has obviously misapprehended a

---

1. On October 25, 1994, a jury convicted defendant on three counts of mail fraud, four counts of wire fraud, and two counts of submitting false documents to a federally insured financial institution. *See* 18 U.S.C. §§ 1341, 1343, 1014. The Court sentenced defendant on February 21, 1995. Defendant appealed his conviction, and the Tenth Circuit affirmed. *See United States v. Pappert,* 112 F.3d 1073 (10th Cir.1997). Defendant then moved for a new trial based on newly discovered evidence. *See* Doc. # 125, filed July 29, 1998 (citing Doc. # 110). The Court denied defendant's motion for a new trial, and defendant did not appeal that decision. Defendant then filed his section 2255 motion, which the Court denied.

party's position, the facts, or the applicable law, or when a party produces new evidence that could not have been obtained through the exercise of due diligence. *Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan.1990). A party cannot invoke Rule 59(e) to raise arguments or evidence that should been raised in the first instance or to re-hash arguments previously considered and rejected by the Court. *See All West Pet Supply Co. v. Hill's Pet Prods. Div., Colgate–Palmolive Co.,* 847 F.Supp. 858, 860 (D.Kan. 1994). The Court has discretion whether to grant or deny a motion to reconsider. *See Hancock v. City of Okla. City,* 857 F.2d 1394, 1395 (10th Cir.1988).

█ Defendant essentially asserts that the Court misapprehended several of his arguments. First, he takes issue with the Court's analysis of the mental competency issue. He argues:

> The Order states that "defendant argues that the trial judge erred in failing to order a mental examination to determine his competency to stand trial." *Order* [Doc. # 140] at 6. This finding suggests that the Court failed to read the defendant's submissions in support of his motion under 28 U.S.C. § 2255 ("Motion"), because in his Motion, and in his brief in support of the Motion, defendant makes it clear that he is not challenging his competency to stand trial. In fact, defendant makes it clear that his trial counsel's ineffective assistance involved, in part, counsel's failure to consider evidence of defendant's mental health problems that were unrelated to his competency to stand trial. Defendant clearly asserts that counsel failed to consider evidence that defendant was unable to form the specific intent required under the offenses charged, because of his mental condition.

*Motion Of Defendant* (Doc. # 141), p. 1.

In his section 2255 motion, however, defendant specifically alleged "Ground six: Failure to order mental examination." Doc. # 116, Addendum to Question 12. Although defendant now asserts that he did not intend to challenge his competency to stand trial, competency to stand trial is the only issue to which the Court's failure to order a mental examination would be germane. Further, the Court also addressed defendant's assertion that counsel failed to produce evidence of his mental health problems as part of his defense at trial.

Defendant also argues that the Court failed to address the specific loss issue which he raised in his section 2255 motion—the effect of the agreement with Central National Bank. But the Tenth Circuit on direct appeal addressed the loss issue in the context of the value of assets held by Central National Bank. This issue is thus procedurally barred.

Defendant next takes issue with the Court's conclusion that because of the nature of defendant's conduct in carrying out the fraudulent scheme, he could not have prevailed on a defense of insanity or diminished capacity. Defendant asserts that he did not claim an insanity or diminished capacity defense, but rather that due to his mental state he could not have possessed the specific intent required for the crimes for which he was convicted. Defendant's submissions in support of his section 2255 motion refer, however, to an insanity defense. *See* Doc. # 131, affidavit, p. 4. In any event, a defense based on lack of specific intent would have been futile in this case, for the same reason that a diminished capacity defense would have been futile.

Finally, defendant argues that the Court erred in finding that because he has maintained his innocence, he cannot show cause and prejudice on his claim that trial counsel failed to provide accurate information about a guilty plea. In order to show prejudice on this claim, defendant would have to show that but for counsel's alleged errors, he would have accepted a plea agreement. Even now, after the fact, defendant asserts only that "he would have seriously considered a plea." Doc. # 139, p. 1. Further, defendant cites no evidence

that prior to his conviction, he had any desire to plead guilty to a lesser charge. *See Johnson v. Duckworth,* 793 F.2d 898, 902 (7th Cir.1986) (expressing serious doubt whether defendant's after-the-fact testimony about desire to plead guilty would be sufficient to establish that but for errors of counsel, there was reasonable probability that he would have accepted plea agreement). The Court finds that defendant's motion under Rule 59(e), Fed. R.Civ.P., should be overruled.

■ Defendant also seeks an evidentiary hearing. Congress has provided that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. Because defendant's motion and the files and records of his case conclusively show that he is entitled to no relief, the Court denies his request for a hearing. *United States v. Estrada,* 849 F.2d 1304, 1306 (10th Cir. 1988) (citing 28 U.S.C. § 2255).

■ Defendant also requests appointment of counsel with respect to his section 2255 motion. Defendant has no constitutional or statutory right to appointment of counsel in a section 2255 proceeding if no evidentiary hearing is required. *See United States v. Evans,* 51 F.3d 287, 1995 WL 139420, at *1 (10th Cir.1995) (citing *United States v. Vasquez,* 7 F.3d 81, 83 (5th Cir. 1993)). Absent any showing of the need for counsel in light of the Court's findings above, the Court will deny defendant's request. See *Wilson,* 716 F.2d at 418 (identifying factors for discretionary appointment of counsel).

**IT IS THEREFORE ORDERED THAT** the *Motion of Defendant* (Doc. # 141) filed April 14, 1999, to alter or amend the judgment be and is hereby **OVERRULED.**

**IT IS FURTHER ORDERED THAT** defendant's *Motion For Evidentiary Hearing And For Appointment Of Coun-*

*sel* (Doc. # 142) filed May 14, 1999, be and hereby is **OVERRULED.**