**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 15 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DOMINIC EVANS,

    Defendant-Appellant.

No. 03-5091
(N.D. Okla.)
(D.Ct. No. 90-CR-31-E)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, and **PORFILIO** and **BRORBY**, Senior Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Dominic Evans, a *pro se* litigant and federal inmate, appeals the district court's dismissal of his motion, filed pursuant to 18 U.S.C. § 3582(c)(2), seeking a reduction of his 295-month sentence. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.[2]

A jury found Mr. Evans guilty of conspiracy to distribute and possess with intent to distribute "crack" cocaine in violation of 21 U.S.C. §§ 841 and 846. *See United States v. Evans*, 970 F.2d 663, 666 (10th Cir. 1992) (*Evans I*). The district court sentenced him to 295 months imprisonment. *Id.* at 666. This court affirmed Mr. Evans' conviction on direct appeal. *Id.* at 679. Thereafter, Mr.

---

[2] On September 9, 2003, this court issued an Order partially remanding the matter to the district court for a determination of whether Mr. Evans' failure to comply with the filing requirements of Federal Rule of Appellate Procedure 4(b)(1)(A)(i) was based on excusable neglect, thereby affording us jurisdiction to decide his untimely appeal. In so doing, we directed the clerk of the district court to supplement the appellate record with any future orders on the remand issue.

On April 26, 2004, we issued another Order directing the district court to respond to our September 9, 2003 Order and determine whether Mr. Evans' late filing was based on excusable neglect. To date, neither the district court nor the clerk thereof has transmitted any further pleadings or orders to this court. However, Mr. Evans has provided us with a copy of a February 25, 2004 Order, which extends his filing time for appeal due to "excusable neglect." Given this order is stamp-filed by the Clerk of the United States District Court for the Northern District of Oklahoma and signed by the district court judge presiding over the § 3582 motion, it appears valid and will be considered for the purpose of providing this panel jurisdiction to consider Mr. Evans' appeal.

Evans filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence on various grounds. *See United States v. Evans*, 51 F.3d 287, 1995 WL 139420 at *1 (10th Cir. March 31, 1995) (unpublished op.) (*Evans II*). The district court denied the motion, which this court affirmed. *Id.* at **1-2.

Mr. Evans then filed the instant § 3582(c)(2) motion to modify his 295-month sentence. He argued Sentencing Commission Amendment 645 reduced the sentencing range applicable to his term of imprisonment by amending the commentary to United States Sentencing Guideline §5G1.3 and clarifying its downward departure provision.[3]

The district court subsequently denied Mr. Evans' § 3582(c)(2) motion. In explaining its reasons for denying the motion, the district court noted U.S.S.G. §1B1.10(c), which contains the applicable policy statement, explicitly states

---

[3] Amendment 645 reads as follows:

Downward Departure Provision. – In the case of a discharged term of imprisonment, a downward departure is not prohibited if subsection (b) would have applied to that term of imprisonment had the term been undischarged. Any such departure should be fashioned to achieve a reasonable punishment for the instant offense.

U.S.S.G., Appendix C, Volume II, at 282-83 (effective November 1, 2002).

which amendments are covered, and does not include Amendment 645, thereby precluding relief. *See* U.S.S.G. §1B1.10 (c) and cmt. n.2. Nevertheless, the district court determined it could give retroactive effect to an unlisted amendment, if it was clarifying rather than substantive. In determining whether the amendment was substantive or clarifying, the district court noted the amendment added a new topic on downward departure, not previously discussed in the commentary, which would not have applied to the 1990 version of §5G1.3 in effect at the time of Mr. Evans' resentencing. Accordingly, the district court denied Mr. Evans' § 3582 motion for reduction of his sentence.

Mr. Evans appeals the district court's decision, insisting Amendment 645 clarifies the version of §5G1.3 in place at the time of his sentencing. In so doing, he claims the government misled the district court into relying on the 1991 version of §5G1.3, rather than the 1989 version in effect at the time of his 1990 sentencing.

We review *de novo* the district court's interpretation of a statute or the sentencing guidelines. *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quotation marks and citation omitted). When a "motion for sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the

viability of [the] motion depends entirely on 18 U.S.C. § 3582(c)." *Id.* (quotation marks, citation and alterations omitted). Section 3582(c) allows the court to modify a sentence in only three limited circumstances, including: 1) on motion of the Director of the Bureau of Prisons if special circumstances exist; 2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or 3) if the sentencing range is subsequently lowered by the Sentencing Commission. *Id.* at 540-41. As previously noted, Mr. Evans' motion is premised on the last circumstance–a reduction of the sentencing range applicable to him.

Having reviewed the record and briefs on appeal, we conclude the district court did not err in denying Mr. Evans' motion to modify his sentence under § 3582(c)(2). As the district court aptly explained, Amendment 645 is not listed in §1B1.10(c), and therefore a reduction of Mr. Evans' sentence under § 3582(c)(2) is "not authorized." *See United States v. Torres-Aquino*, 334 F.3d 939, 941 (10th Cir. 2003).

We also reject Mr. Evans' contention Amendment 645 should be given retroactive application because it is a "clarifying" amendment rather than a "substantive" amendment. "The question whether an amendment to the guidelines is clarifying or substantive goes to whether a defendant was correctly sentenced

under the guidelines in the first place, not to whether a correct sentence has subsequently been reduced by an amendment to the guidelines and can be modified in a proceeding under § 3582(c)(2)." *Torres-Aquino*, 334 F.3d at 941. As a result, the clarifying question raised by Mr. Evans may not be reached in addressing his § 3582 motion, making the question of whether the district court applied the correct version of §5G1.3 immaterial to our decision. Similarly, the fact the district court reached a decision on the substantive nature of the amendment in denying the motion does not change the result. *Id.*

Accordingly, we **AFFIRM** the district court's decision denying a sentence reduction under 18 U.S.C. § 3582(c)(2).

Entered by the Court:

**WADE BRORBY**
United States Circuit Judge