**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 11, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

––––––––––––––––––––––––––––

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DONALD B.W. EVANS JR.,

    Defendant-Appellant.

No. 07-5055
(D.Ct. No. 90-CR-0031-001-CVE)
(N.D. Okla.)

––––––––––––––––––––––––––––

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, and **BARRETT** and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Donald B.W. Evans Jr., a *pro se* litigant and federal inmate,

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeals the district court's denial of his petition for a writ of *coram nobis*, pursuant to 28 U.S.C. § 1651, which seeks a reduction of his life sentence. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. Procedural Background

On May 30, 1990, a jury found Mr. Evans guilty of conspiracy to distribute and to possess with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii) and 846. *See United States v. Evans*, 970 F.2d 663, 666, 679 (10th Cir. 1992), *cert. denied*, *Evans v. United States*, 507 U.S. 922 (1993). On August 22, 1990, the district court sentenced Mr. Evans to life imprisonment after conducting an evidentiary hearing and finding the drug amount attributable to him was 9.5 kilograms of crack cocaine. *Id.* at 676, 678-79. In 1992, this court affirmed Mr. Evans's conviction and sentence on direct appeal, after which the United States Supreme Court denied a writ of certiorari. *Id.* Thereafter, from 1994 to 2005, Mr. Evans filed at least six unsuccessful 28 U.S.C. § 2255 motions to vacate, set aside, or correct his sentence on various grounds – most of which were considered second or successive § 2255 motions.[1]

_____

[1] In chronological order, the § 2255 motions or successive motions were disposed of either by order and judgment or by order denying authorization to file a second or successive § 2255 motion, as follows: *United States v. Evans*, 51 F.3d 287 (10th Cir. Mar. 31, 1995) (unpublished op.); *United States v. Evans*, 82 F.3d 427 (10th Cir. Apr. 10, 1996) (unpublished op.); *Evans v. United States*, No. 01-5089, Order filed July 27, 2001; *Evans v. United States*, No. 04-5136, Order

(continued...)

In addition, on June 10, 1996, Mr. Evans filed a motion under 18 U.S.C. § 3582(c) to modify his sentence, which the district court denied on December 6, 1996. On December 30, 1996, he filed a motion under Federal Rule of Criminal Procedure 35 for modification of his sentence, which the district court denied on January 7, 1998.

More recently, on January 30, 2006, Mr. Evans filed a second motion to modify his sentence under 18 U.S.C. § 3582,[2] which the district court denied. In his motion, Mr. Evans argued the recent modifications under United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") Amendments 505 and 591, affecting U.S.S.G. § 2D1.1, should be applied to reduce his sentence. In denying Mr. Evans's § 3582 motion, the district court explained that even if the modification applied, his total offense level would only be reduced by two levels,

[1](...continued)
filed October 25, 2004; *Evans v. United States*, No. 05-5078, Order filed August 24, 2005 (granting Appellant's motion to dismiss appeal on reconsideration of § 2255); *Evans v. United States*, No. 05-5142, Order filed October 31, 2005.

[2] Section 3582(c) allows the court to modify a sentence in only three limited circumstances: 1) on motion of the Director of the Bureau of Prisons if special circumstances exist; 2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or 3) if the sentencing range is subsequently lowered by the Sentencing Commission. *United States v. Smartt*, 129 F.3d 539, 540-41 (10th Cir. 1997).

resulting in the same sentencing range of life imprisonment.[3]  Mr. Evans then filed a motion for reconsideration which the district court also denied.  On August 29, 2006, this court dismissed Mr. Evans's untimely appeal for lack of jurisdiction, and on October 24, 2006, we denied his petition for rehearing.  *See United States v. Evans*, No. 06-5155.

Turning to the litigation involving this appeal, on February 26, 2007, Mr. Evans filed a "Petition for Writ Pursuant to Title 28 U.S.C. § 1651 The All Writs Act," which the district court denied on March 26, 2007.  In his petition, Mr. Evans claimed the district court erred in denying his second § 3582 motion because it refused to resentence him under the new advisory Guidelines sentencing standard, rather than the mandatory standard applied when he was sentenced on August 22, 1990.[4]  As a result, he claimed, the district court erroneously imposed a mandatory sentence of life imprisonment.  In addition, he argued that because habeas relief under § 2255 has been unavailable to him, his only recourse lies in filing for relief under 28 U.S.C. § 1651.

---

[3] Mr. Evans's total offense level was originally 46.  The district court noted that a reduction in the offense level to 44, together with a criminal history category of I, would result in a Guidelines sentence of life imprisonment.  *See* U.S.S.G., Ch. 5, Pt. A (Sentencing Table).

[4] A review of Mr. Evans's previously filed § 3582 motion establishes that while he did mention *United States v. Booker*, 543 U.S. 220 (2005), in a footnote, he did not present a detailed argument on this particular *Booker* issue until his § 1651 petition.

The district court denied Mr. Evans's petition, explaining the issuance of a writ of *coram nobis* under 28 U.S.C. § 1651 is an extraordinary remedy allowed only under compelling circumstances when § 2255 motions or other forms of relief are not available. It further explained such a writ is generally only used when the petitioner has served his sentence completely and is no longer "in custody," as required for § 2255 relief. While the district court acknowledged the advisory Guidelines standard applied in *Booker* did not apply retroactively for collateral relief under § 2255 motions, it explained that because he remained in custody, the proper action for challenging his sentence remained § 2255, and not a common law writ. In addition, the district court construed Mr. Evans's § 1651 petition as a motion to reconsider its previous ruling denying relief under 18 U.S.C. § 3582. Relying on our decision in *United States v. Price*, the district court explained *Booker* was also inapplicable as a basis for reduction of a sentence under § 3582. *See* 438 F.3d 1005, 1007 & n.2 (10th Cir.), *cert. denied*, 126 S. Ct. 2365 (2006).

## II. Discussion

Mr. Evans now appeals the district court's denial of his petition for a writ of *coram nobis* under 28 U.S.C. § 1651, claiming the district court erred in failing to retroactively apply the Guidelines in an advisory manner. For the first time in his § 1651 action, he also summarily claims the district court based its sentencing

decision on unreliable information from the presentence report which violates "Rule 32," is "still in dispute," and arbitrarily applies "poisonous fruits." Mr. Evans's appeal lacks merit for the following reasons.

To begin, we review *de novo* the district court's denial of a petition for a writ of *coram nobis* filed under 28 U.S.C. § 1651 and its factual findings for clear error. *See Klein v. United States*, 880 F.2d 250, 255-56 & n.6 (10th Cir. 1989). As the district court held, a writ of *coram nobis* is an extraordinary writ because it extends litigation beyond the final judgment and exhaustion of other remedies. *Id.* at 253. Such a writ "is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer 'in custody' for the purposes of 28 U.S.C. § 2255." *United States v. Stoneman*, 870 F.2d 102, 105-06 (3d Cir. 1989). It may be used only to correct errors resulting in complete miscarriage of justice. *See United States v. Williamson*, 806 F.2d 216, 222 (10th Cir. 1986). For this reason, Mr. Evans carries the burden of demonstrating "the asserted error is jurisdictional or constitutional and results in a complete miscarriage of justice." *Klein*, 880 F.2d at 253.

In this case, it is apparent Mr. Evans filed his petition under 28 U.S.C. § 1651 for a writ of *coram nobis* in an effort to find another means to

retroactively apply *Booker* to his sentence, given this court has expressly held *Booker* does not apply retroactively to collateral proceedings under § 2255 and is not grounds for relief under § 3582. *See Price*, 438 F.3d at 1007 & n.2 (involving 18 U.S.C. § 3582)*; United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005) (involving 28 U.S.C. § 2255).

However, because Mr. Evans is serving a life sentence, it is evident he is still "in custody" and has not served his sentence – the requisites generally associated with allowing one to petition for such a writ. *See Stoneman*, 870 F.2d at 105-06. Even if this limitation did not restrict Mr. Evans from proceeding with his petition, he is still attempting to collaterally attack his sentence under the guise of § 1651. We have held *Booker* applies only to cases on direct review and not retroactively to cases on collateral review. *See Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005). In turn, a motion to correct a sentence pursuant to 28 U.S.C. § 2255 remains the proper avenue for collaterally challenging a federal conviction or sentence. "Where a statute specifically addresses the particular issue at hand," as § 2255 does here, "it is that authority, and not the All Writs Act [under § 1651], that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996).

The fact Mr. Evans has not been successful in his § 2255 motions does not

mean that particular procedural avenue is not available to him, but simply that his arguments did not warrant merit. In addition, he has not shown in either his opening brief or reply brief filed on appeal, or anywhere else in the record before us, that a sentencing error occurred which resulted in a "complete miscarriage of justice," as required for a writ under 28 U.S.C. § 1651. *See Williamson*, 806 F.2d at 222.[5] Thus, having reviewed the record and briefs on appeal, we conclude the district court did not err in denying Mr. Evans's § 1651 petition for a writ of *coram nobis*.

As to his cursory and somewhat incoherent argument concerning the district court's reliance on the presentence report, we construe his *pro se* pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). While we construe *pro se* pleadings liberally, we have repeatedly held that perfunctory or cursory reference to an issue, like here, unaccompanied by some effort at a developed argument, is inadequate to warrant consideration. *See United States v. Almaraz*, 306 F.3d 1031, 1041 (10th Cir. 2002) (relying on *United States v. LaHue*, 261 F.3d 993, 1009 (10th Cir. 2001), and *Femedeer v. Haun*, 227 F.3d 1244, 1255 (10th Cir. 2000)). In addition, we generally do not consider claims raised for the

---

[5] For instance, even under an advisory sentencing range scheme, Mr. Evans's advisory sentence would be life imprisonment, regardless of whether the original offense level was 46 or 44, as considered by the district court in Mr. Evans's § 3582 motion. *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table).

first time on appeal, except, for instance, when the issue is a question of law, the proper resolution of which is beyond reasonable doubt, and the failure to address the issue would result in a miscarriage of justice. *See Shoels v. Klebold*, 375 F.3d 1054, 1062 (10th Cir. 2004). None of those criteria are presented here. Under the circumstances presented, Mr. Evans's argument is frivolous and we will not expend further judicial resources considering it.

Finally, since his conviction in 1990, Mr. Evans has filed at least ten different actions and numerous appeals, expending judicial resources on matters which have either previously been adjudicated or were otherwise deemed meritless. "The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Winslow v. Hunter* (*In re Winslow*), 17 F.3d 314, 315 (10th Cir. 1994) (*per curiam*) (quotation marks and alteration omitted). We therefore caution Mr. Evans further filings on meritless matters may result in summary disposition without discussion and an order asking him to show cause why this court should not limit his future filings and provide for sanctions. *See Andrews v. Heaton*, 483 F.3d 1070, 1077-78 (10th Cir. 2007). We further caution Mr. Evans that the fact he is a *pro se* litigant does not prohibit the court from imposing such sanctions against him. *See Haworth v. Royal*, 347 F.3d 1189, 1192 (10th Cir. 2003).

## III. Conclusion

We grant Mr. Evans's motions for extension of time[6] to file his reply brief and, for the reasons stated herein, we **AFFIRM** the district court's order denying Mr. Evans's petition filed pursuant to 28 U.S.C. § 1651.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

---

[6] Mr. Evans filed a letter on August 22, 2007, which we construed as a motion to file his reply brief out of time by three days; on August 24, 2007, he also filed a motion for extension of time to file his reply brief.